Max Krashin et al. v. Nettie Grizzard et al., Appellants.—31 S. W. (2d) 984.

Division One, October 14, 1930.

*John C. Stearns* and *E. C. Hall* for appellants.

608

*Robert E. Rooney* for respondents.

SEDDON, C.—This is an action in equity, commenced in the Circuit Court of Jackson County on December 10, 1924, to set aside a default judgment made and entered in that court on May 29, 1924, in a certain cause in equity, entitled: "Nettie Grizzard et al., plaintiffs, v. William Grizzard et al., defendants," No. 203241. The plaintiffs in the instant action (excepting one of the plaintiffs) were named and duly summoned as parties defendant in the said Cause No. 203241, and the defendants herein were the parties plaintiff in the said Cause No. 203241. The instant action in equity was commenced after the lapse of the term of the Circuit Court of Jackson County at which the default judgment was entered in said Cause No. 203241. In so far as the record herein discloses, no attempt was made to set aside the default judgment entered in cause No. 203241, by any motion or other pleading filed in said cause, during the term of court at which such judgment was entered, and no appeal was taken from such judgment during the term at which the same was entered, and therefore the said judgment became final.

The petition herein is lengthy, covering some twenty pages of the printed abstract of the record, and its very length precludes the setting forth of the petition *in haec verba* herein. In substance, and epitomized, the petition avers that the plaintiffs, Max Krashin and Dora Krashin, are, and have been since September 18, 1922, the joint owners of Lot 2, in Block 1, Victoria Addition, in Kansas City, Missouri, otherwise known and designated as numbers 1604-1606 East 12th Street; that, on December 24, 1923, the defendants herein, in order to cheat, wrong and defraud the plaintiffs herein, filed in the Circuit Court of Jackson County a suit in equity, numbered 203241, against the plaintiffs herein (as defendants in said suit), to set aside, cancel, and for naught hold, certain deeds and muniments of title under and by which the plaintiffs herein acquired and claim title and interest in and to the above described real estate, and to vest the title to said real estate in the defendants herein; that plaintiffs herein, in due and proper time, "prepared and filed their motion to stay the proceedings in Cause No. 203241, and deposited said motion, and a copy thereof, at the regular place for filing said

motion, in the office of the Clerk of the Circuit Court of Jackson County, and requested the person in charge to file the same,'' and on the same day left a copy of said motion at the office of one of the attorneys (of record) representing the plaintiffs in said Cause No. 203241; ''that by error and mistake on the part of the Clerk of the Circuit Court of Jackson County, said motion to stay the proceedings in Cause No. 203241 was mislaid, so that said motion was not made of record in said cause;'' that the plaintiffs in said Cause No. 203241 (defendants herein), and their attorneys, knew, and were advised, that said motion to stay proceedings in said Cause No. 203241 had been filed, or deposited for filing, in said court, and that said motion was pending in said cause, unruled and undisposed of, and well knowing that said cause was not at issue, ''fraudulently, willfully and wrongfully listed said Cause No. 203241 as a default case, and wrongfully, fraudulently and illegally conspired to cheat, wrong and defraud the plaintiffs herein of their property, by concealing the above facts from the court and having the case submitted to the court as a default case, and obtained a judgment, . . . thus practicing a fraud on the court and on these plaintiffs;'' that plaintiffs herein, ''on account of the fraudulent acts of the defendants herein, did not know of the rendition of said judgment until December 3, 1924, and upon ascertaining that said judgment had been rendered, immediately began the preparation of this petition; (and) that the plaintiffs herein have a just and meritorious defense to the action of the defendants, as alleged by them in Cause No. 203241, in which the aforesaid fraudulent judgment was rendered.'' The petition prays the court to set aside the default judgment rendered in Cause No. 203241, and to declare the same to be null, void, and of no effect, and that the defendants, and each of them, be perpetually enjoined from attempting to carry into effect, and to execute, said (alleged) fraudulent judgment. The averments of the petition are verified under the oath of the attorney for the plaintiffs herein, which verification is appended to, and filed as a part of, the petition.

The answer joined issue on the averments of the petition, and pleaded the integrity and finality of the judgment in cause. No. 203241, and specifically denies that plaintiffs herein have a meritorious defense to said Cause No. 203241.

Evidence was adduced on behalf of plaintiffs tending to prove that they had retained an attorney to represent them in defending against the Cause No. 203241 in the Circuit Court of Jackson County. The attorney testified on the trial of the instant cause that he had been retained by the plaintiffs herein ''to take care of the case (No. 203241) on behalf of all the defendants therein;'' that, in due time,

he prepared and filed, on January 24, 1924, in the office of the Clerk of the Circuit Court of Jackson County, a motion to stay proceedings in said Cause No. 203241; that he delivered such motion, and a copy thereof, for filing, to the deputy clerk in charge of the filing of pleadings in said office, the deputy clerk being stationed at a counter, or desk, behind an opening, or window, over which was a sign reading, ''Filings Here;'' that, on January 24, 1924, he left a copy of said motion in the office of one of the attorneys for the plaintiffs in Cause No. 203241, which attorney thereafter stated to witness that he had received a copy of said motion; that witness inquired of one of the attorneys for plaintiffs in said Cause No. 203241 when he would be ready to ''take up'' said motion, and the attorney replied by saying, ''I am not ready to take it up now; I will let you know when we want to take it up; we will let you know when we are ready.'' The witness further testified that he was stricken with a critical illness on or about February 1, 1924, and that such illness continued during the whole of the spring and summer of 1924, during which time he was continuously attended by a physician, and was unable to go to his office or attend to his business and professional duties; that he was physically unable to attend to any business or professional matters until the fall of 1924, and did not discover that a default judgment had been entered in said Cause No. 203241 until the latter part of November, 1924, when he immediately prepared the petition in the instant cause.

The witness, Haney, Deputy Clerk of the Circuit Court of Jackson County, testified that, on and prior to January 24, 1924, he had charge of the filing of pleadings in said court; that, some time in the fall of 1924, he was requested by counsel for defendants in Cause No. 203241 to make a search for all pleadings that had been filed in the circuit court on January 24, 1924; that he examined the record of filings made on January 24, 1924, so as to see what pleadings had been filed, and in what causes such pleadings had been filed, as disclosed by the record of the court on that day; that he then made a search of the files in all causes in which pleadings were shown by the record to have been filed on January 24, 1924, and found the motion to stay proceedings in Cause No. 203241, which motion, without having been stamped or marked ''filed'' with the usual filing stamp, was enclosed and enfolded within a pleading which had been filed on January 24, 1924, in another and different cause, numbered 203021; that it was the usage and custom of the office, whenever the filing clerks were busy, to permit pleadings filed on any single day to accumulate during the day, and, later in the day, to stamp ''filed'' on all of the pleadings so filed and accumulating during the day, and to send the various pleadings so stamped ''filed'' to the deputy clerks

of the respective divisions of the court to make a record of such filings; and that it was possible for the motion to stay proceedings in Cause No. 203241 to have been inadvertently enclosed or misplaced, by accident or mistake, inside of a pleading filed on January 24, 1924, in the different cause, No. 203021, and thereby to have occasioned the omission or failure to mark and stamp said motion to stay proceedings as having been filed on January 24, 1924, and to have occasioned, also, the omission or failure to show the filing of said motion on said date upon the record of the Circuit Court of Jackson County in Cause No. 203241.

On behalf of the defendants herein, the attorneys for the plaintiffs in Cause No. 203241 testified that they had no knowledge or information whatsoever of the purported filing of the motion to stay proceedings in said Cause No. 203241; that they never were served with a copy of said motion, and had never had any conversation with the attorney for the defendants in said Cause No. 203241, respecting the filing of said motion, or respecting the calling of said motion for hearing and disposal by the court; that they searched the record of the circuit court in Cause No. 203241, prior to the listing of said cause as a default case, and the record showed no motion to be pending in said cause, and showed no answer of the defendants to be on file therein; that, in view of the record in said Cause No. 203241, they listed the cause for trial and hearing by the court as a default case, and on May 29, 1924, the day the cause was set for hearing by the circuit court, the defendants therein having failed to appear and answer the petition, evidence was adduced by the plaintiffs in said cause in support of the averments of the petition, whereupon the court rendered a judgment by default in favor of the plaintiffs therein, in accordance with the prayer of the petition.

Upon the conclusion of the trial of the instant cause, the chancellor below announced his findings and conclusions, as follows:

"Well, gentlemen, I think this case might as well be disposed of now by the court. As I have said heretofore, it has been clear to the court, and I think you will all agree with me, there are two elements in this case, and one is whether or not the default (judgment) was taken through fraud or mistake, and, if so, secondly, whether or not there would be a meritorious defense to the Cause No. 203241, were it reinstated, or were the judgment set aside. It is evident to me that there is a very substantial defense to that cause. The witnesses are apparently very contradictory, and I think the issues should be heard, if the judgment be set aside, and certainly as to some of these plaintiffs, and probably as to all the plaintiffs, there is a meritorious defense to the case. Now, as to the other element, as to the default. There remains undisputed that

there was, at the time of this default, a pending motion—a motion to stay proceedings that was pending. The fact remains proven that the motion was pending, not only by Mr. Rooney's testimony, but by the testimony of the deputy clerk of this court. Now, through error of the clerk of this court, both sides to this litigation have been misled. The defendants in this (instant) case proceeded, so far as this court knows, in good faith, in the prosecution of that other suit (Cause No. 203241), and reduced it to a default judgment, relying upon the failure of the record to disclose the pendency of the motion, whether or not it has been proven that they did have knowledge of the motion. This court must assume the truth of the fact that this motion was filed, and properly so, inasmuch as nobody has proven the contrary. I do not believe the evidence has disclosed any misrepresentations, or misleading of the court, on the part of these defendants—I think their action was not only regular, but proper, in view of the record. At the same time, the plaintiffs (in the case at bar) had a perfect right to rely upon the officers of this court to perform their duties properly, and to properly record that motion, and disclose it to all parties concerned—disclose its pendency to all parties concerned. Now, it is against the conscience of this court, or any court of chancery, to permit a judgment to stand under the circumstances brought about through the mistake on the part of the court itself, or its attaches. Certainly, these defendants herein would not have proceeded with that suit (No. 203241) had they known of the pendency of the motion to stay, and the court, with knowledge of this motion pending, would not, and could not, have had any right to render judgment in it, and certainly the plaintiffs herein would not have permitted the judgment had they known that their motion was disregarded and not properly recorded. Regardless of the merits of the other case (No. 203241)—as to which way it should be decided—I think that this court should correct its own mistakes, and I mean by 'this court,' of course, the entire court, represented by the clerk of the circuit court of this county. Under the circumstances, the decree of this court herein should be, and is, that the judgment in Division Five, in Cause Number 203241, should be set aside, by reason of the fact that the cause was not then at issue, and that the parties on both sides were misled by the error on the part of the clerk of the court to properly mark 'filed,' and to make a record of, the motion then pending. And the court further finds, as I have heretofore said, that there is a showing here of a prima-facie or meritorious defense to that cause.''

Thereupon, the trial court entered a decree and judgment, as follows:

''The court, being fully advised in the premises, finds from the evidence that the motion to stay proceedings, referred to in the

pleadings and the evidence in this cause, was duly filed by the defendants in Cause No. 203241, on the 24th day of January, 1924, and, while unknown to the defendants herein, was still pending therein undisposed of, on the 29th day of May, 1924, when the judgment or decree complained of was taken by the plaintiffs therein against the defendants in said Cause No. 203241 in this court, and that said Cause No. 203241 was not, on said 29th day of May, 1924, a default case, and was not at any time in condition to be listed for trial, or heard as such.

"The court further finds that, on the 24th day of January, 1924, upon which day said motion to stay proceedings was filed in said Cause No. 203241, by error, accident, or mistake on the part of the Clerk of the Circuit Court of Jackson County, Missouri, at Kansas City, said motion to stay proceedings was not marked filed, but was by said clerk mislaid or misfiled, so that said motion was not made of record in said Cause No. 203241.

"The court further finds that there was no fraud practiced by either the plaintiffs, or their attorneys, in said Cause No. 203241, or attempt made to mislead either the court or the attorneys for the defendants in said Cause No. 203241, in the procurement of the said default decree therein on said 29th day of May, 1924, and that said cause was listed as a default case, by the attorneys for the plaintiffs therein, in good faith and in the honest belief that the same was in default.

"The court further finds that the plaintiffs in this cause, being the defendants in said Cause No. 203241, have, and at all times had, a prima-facie meritorious defense to said Cause No. 203241, and that said judgment or decree (complained of herein) in said Cause No. 203241 was the result of accident or mistake due to the error of the clerk of this court, as aforesaid, unmixed with the negligence of the plaintiffs in this cause, or of the defendants in Cause No. 203241, or their attorney.

"The court further finds that said judgment or decree, complained of herein, rendered in said Cause No. 203241, should be cancelled, set aside and for naught held, and defendants herein (plaintiffs in said Cause No. 203241) should be perpetually enjoined from seeking to execute, in any manner whatsoever, or to avail themselves of, said judgment or decree rendered in said Cause No. 203241, and that the costs herein should be remitted to both parties.

"It is therefore adjudged and decreed that the judgment or decree taken by plaintiffs (defendants herein) in said Cause No. 203241 in this court be cancelled, set aside and for naught held, and that plaintiffs in said Cause No. 203241 (defendants herein) be perpetually enjoined from in any manner whatsoever availing, or

attempting to avail, themselves of any advantage or benefit whatsoever on account of said judgment or decree in said Cause No. 203241, or from executing or attempting to execute the same, and the court here now remits the costs to both plaintiffs and defendants herein.''

After an unsuccessful motion for a new trial, the defendants herein were allowed an appeal to this court. This court has jurisdiction of the appeal because the cause involves title to real estate.

The appellants, in their brief, present thirteen separate assignments of error. The several assignments of error, however, may properly be combined or grouped into two main assignments, namely: (1) that the petition does not state facts sufficient to invoke the powers and interposition of a court of equity; and (2) that the trial court erred in finding for the plaintiffs and against the defendants, and in entering a decree setting aside the default judgment rendered in Cause No. 203241 in the Circuit Court of Jackson County.

I. It is charged by appellants that the petition herein does not state facts sufficient to warrant, or to authorize, the interposition of  a court of equity. The petition sets out, with great particularity, all of the facts and circumstances leading up to the rendition of the default judgment in the Circuit Court of Jackson County in Cause No. 203241, which facts and circumstances, if proven and found to be true, tend to establish fraud in the procurement of said default judgment, or that said default judgment was rendered by the Circuit Court of Jackson County because of accident or mistake on the part of the officers of that court in failing to make a record of the filing of the motion to stay proceedings in said Cause No. 203241. Fraud in the procurement or concoction of a judgment has uniformly been held by this court to be a sufficient and proper ground for the interposition of a court of equity, where the injured party timely invokes the aid of equity in setting aside such a judgment. [Davidson v. Real Estate & Inv. Co., 226 Mo. 1, 27; Smith v. Hauger, 150 Mo. 437, 444; Nelson v. Barnett, 123 Mo. 564, 570; McClanahan v. West, 100 Mo. 309, 320.] It is likewise well established in the jurisprudence of this State that a court of equity will interpose its aid when a wrong has been done to a litigant through accident or mistake as readily as when there has been fraud in the concoction or procurement of a judgment. [Smoot v. Judd, 161 Mo. 673, 687; Bresnehan v. Price, 57 Mo. 422, 424; Jackson v. Chestnut, 151 Mo. App. 275, 279; McElvain v. Maloney (Mo. App.), 186 S. W. 745, 749.] The petition herein states ample and sufficient facts to invoke the aid and powers of a court of equity in setting aside

the default judgment rendered by the Circuit Court of Jackson County in the said Cause No. 203241.

II. Having ruled herein that the petition states sufficient facts to invoke the powers and interposition of a court of equity, we pass to the last assignment of error presented by the appellants, namely, that the trial court erred in finding for the plaintiffs and against the defendants, and in entering a decree setting aside the default judgment rendered and entered in Cause No. 203241 in the Circuit Court of Jackson County. Our ruling upon the latter assignment of error is dependent upon whether there is substantial and sufficient evidence herein to establish the equitable cause of action stated in the petition. Laying aside the consideration of the question whether there is sufficiently substantial evidence to establish the charge or allegation of fraud in the procurement of the default judgment entered in Cause No. 203241 in the Circuit Court of Jackson County, nevertheless we are convinced from our examination and study of the record herein that there is sufficiently substantial evidence to establish the fact that the default judgment in Cause No. 203241 was mistakenly made and entered by the Circuit Court of Jackson County by reason of the mistake of an officer (the clerk) of that court in failing to mark as filed (and in failing to enter the filing upon the record of the circuit court) a pleading which the evidence tends strongly, and almost conclusively, to show was actually filed by the defendants in said Cause No. 203241, and which, by reason of its having been actually filed in said cause, although not so marked by the clerk, or the filing entered upon the record of the court in said cause, prevented the said Cause No. 203241 from being at issue, and properly triable and submissible to the court as a default case. Such was the conclusion and finding of the learned trial court in the instant cause, and, having ourselves reached the same conclusion and finding from the record before us, we must leave the finding and conclusion of the trial court undisturbed.

As is said in 32 Corpus Juris, 96, 97: "In the exercise of its jurisdiction to protect against the consequences of accident or mistake, a court of equity will interfere (intervene) to restrain by injunction (or otherwise) the use of an advantage gained in a court of law, which must necessarily make that court an instrument of injustice, in cases where such advantage has been gained by accident or mistake." The applicable principle thus stated has been uniformly followed and applied in our own jurisdiction. [McElvain v. Maloney (Mo. App.), 186 S. W. 745, 749; Smoot v. Judd, 161 Mo. 673, 687.]

The decree and judgment of the circuit court herein is amply supported by the evidence, and by the greater weight of the evidence, and must therefore be affirmed. It is so ordered. *Ellison, C.*, concurs.

PER CURIAM:—The foregoing opinion by SEDDON, C., is adopted as the opinion of the court. All of the judges concur.