Wavalene Rana BOYER, now Williamson, Respondent,

v.

Larry CHURCH, Administrator of the Estate of John H. Boyer, Deceased

and

Margaret Boyer and James Boyer, Appellants.

No. 38588.

Missouri Court of Appeals, St. Louis District, Division Four.

Oct. 31, 1978.

Evans & Dixon, Jeffry S. Thomsen, Marilyn R. Koch, St. Louis, for Boyer.

Pannell, Dodson & Robinson, Festus, for Church.

Jack C. Stewart, Mark T. Stoll, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, Hillsboro, for respondent.

ALDEN A. STOCKARD, Special Judge.

Upon application of plaintiff the trial court set aside a previously entered default judgment against plaintiff and defendants have appealed. We affirm.

John H. Boyer and Margaret F. Boyer were the owners by the entirety of two parcels of land in Jefferson County. On July 6, 1972 they transferred one of the parcels to James W. Boyer (their son) and Wavelene R. Boyer, his wife. On March 5, 1973 they transferred the other tract to the same grantees. Both transfers were by warranty deed and each was for a nominal consideration.

In 1973 John H. Boyer was adjudicated to be mentally incompetent, and on March 15, 1974 his guardian filed suit against James W. Boyer and Wavelene R. Boyer to set aside the two deeds.

In October 1973 James filed suit for divorce and Wavelene moved out of the house in which she had been living with James and established her residence in an apartment in Festus, Missouri and obtained employment. The attorney for the guardian of John H. Boyer requested by letter to the circuit clerk that in the suit to set aside the two deeds James be served at Route 1, Box 471, Festus, Missouri, which was the home of his parents and where he and Wavelene had lived prior to their separation, and that Wavelene be served at 1010 North Third Street, Festus, Missouri, which was the apartment where she had resided subse-

quent to the separation. However, on the summons to Wavelene the address there typed was Route 1, Box 471, Festus, Missouri. The record does not disclose at whose direction this was done. On March 21, 1974, a deputy sheriff delivered the summons addressed to Wavelene and also the summons addressed to James to Margaret Boyer, James' mother, at the address typed on each summons. A return was made on the summons directed to Wavelene that it had been served by leaving a copy at her "usual place of abode with a member of the family who is over the age of 15 years: to-wit, Mrs. John H. Boyer."

James filed an answer in which he admitted that at the time John H. Boyer executed the two deeds "he was wholly incompetent in that he was without mental capacity to understand the nature of his business or to know the extent of his property * * *." Wavelene did not appear and on July 18, 1974, the court entered a judgment on the pleadings against James and a default judgment against Wavelene, and adjudged the two deeds to be void because at the time of the execution of the deeds James H. Boyer was "without mental capacity" and was suffering from advanced and progressive senility.

■ Although Wavelene had been properly served in the divorce action brought by James, she defaulted and on October 2, 1974, the court entered a finding that the marriage was irretrievably broken. It caused notice of such finding to be sent to her as required by the then provisions of § 452.320 RSMo 1969. This notice caused Wavelene to investigate what had happened to the property and she then learned for the first time that a default judgment had been entered against her and that the court had set aside the two deeds. (She also requested and obtained the restoration of her maiden name of Williamson.) Wavelene then filed this suit to set aside the default judgment, and after a trial before the court at which the defendants (appellants on this appeal) presented no evidence, the court entered judgment setting aside the default judgment previously entered against Wav-

elene. No findings of fact were made, none being requested, so we consider that the trial court found the facts in accord with its judgment. Our review is governed by Rule 73.01, and we are to sustain the judgment of the lower court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

■ In each of their three points presented on this appeal defendants-appellant assert for the reasons there set forth that the trial court erred in failing to sustain their motion for a directed verdict. Such motion has no place in a court tried case. The issue is for which party should the judgment be entered; not whether a submissible case was made.

Appellants contend that the judgment that was entered is erroneous because it is "not supported by substantial evidence that [they] procured the judgment [in the suit to set aside the two deeds] by fraud or that respondent had a meritorious defense to the underlying action."

Several factual matters are important and should be emphasized. At the time the suit by the guardian of John Boyer was filed Wavelene and James had separated and a divorce action was pending. Approximately five months before the summons in the suit to set aside the deeds was served on her mother-in-law, Wavelene had left the home of John H. and Margaret Boyer where she had lived with James, and she had obtained employment and established a separate residence in the City of Festus. There is no contention by appellants that at the time of the service the home of Margaret Boyer was the "dwelling house or usual place of abode" of Wavelene. In fact, James and Margaret in their pleadings admit that each knew that at the time of the service Wavelene "did not reside at Route 1, Box 471, Festus, Missouri." James knew where Wavelene was residing, and in view of the total circumstances we can assume that Margaret Boyer knew or could easily have found out her whereabouts.

Neither James nor Margaret, each of whom had an interest adverse to Wavelene, advised her of the pending suit or of the purported service of the summons. Wavelene obtained no actual notice of the suit until after the default judgment against her had become final.

■ Appellants' challenge to the validity of the judgment setting aside the previously entered default judgment is directed only to the contention that there was no substantial evidence that they procured the judgment by fraud, but it is well established that "a court of equity will interpose its aid when a wrong has been done to a litigant through accident or mistake as readily as when there has been fraud in the concoction or procurement of a judgment." *Krashin v. Grizzard,* 326 Mo. 606, 31 S.W.2d 984, 987 (1930); *Smoot v. Judd,* 161 Mo. 673, 61 S.W. 854 (1901); *Human Development Corporation of Metropolitan St. Louis v. Wefel,* 527 S.W.2d 652 (Mo.App.1975).

■ The facts we have related present a strong indication of fraud, or what is referred to as badges of fraud, *Harrison v. Harrison,* 339 S.W.2d 509 (Mo.App.1960), but assuming that the service at a place not the dwelling house or usual place of abode of Wavelene, and her failure to receive any actual notice of the suit, was not the result of fraud, it unquestionably was the result of a wrong done to Wavelene through accident or mistake. The guardian of John Boyer, who was plaintiff in the suit to set aside the deeds, knew that Wavelene resided in Festus because he gave instructions that she be served there. We do not know who changed those instructions and directed that service be had at her former place of residence where the only occupants of that house were persons whose interests in the suit were adverse to her. But the change had to have been made with fraudulent intent or, if not, then as the result of a mistake or accident. In either event a court of equity will exercise its powers to prevent the perpetration of such a wrong.

Appellants also assert that there was no substantial evidence that Wavelene had a meritorious defense to the suit to set aside the deed. She pleaded that at the time the deeds were executed John Boyer was of sound mind which if established would have been a meritorious defense. Because of the default she was deprived of the opportunity to present that defense at the trial, and there is no contention that the failure of Wavelene to receive actual notice of the suit resulted from any negligence or misconduct on her part.

■ While in this suit to set aside the default judgment plaintiff had the burden to establish that she had a meritorious defense, *Luce v. Anglin,* 535 S.W.2d 504 (Mo. App.1976), that does not mean that she was to present evidence from which the merits of her claim could be conclusively determined. As stated in *Luce v. Anglin,* supra at p. 508, she "should not be required * * to present extensive evidence or a full-blown defense," but only "to make some showing to the court of the existence of at least an arguable theory of defense." Wavelene testified to various conversations by and conduct of John Boyer indicating that he was fully aware of the consequences of the execution of the deeds and that the transfer of title was his wish and desire. We express no opinion concerning the merits of this defense, but under the circumstances of this case Wavelene is entitled to have the opportunity to present it for consideration in the suit to set aside the two deeds.

The judgment of the trial court is supported by substantial evidence, and the trial judge did not erroneously declare or apply the law.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.