J. A. BERRY, APPELLANT, v. CHARLES COBB AND S. A. WARD, RESPONDENTS.[*]

Springfield Court of Appeals. Opinion filed September 23, 1929.

---

[*]Corpus Juris-Cyc References: Chattel Mortgages, 11CJ, section 520, p. 713, n. 8; Estoppel, 21CJ, section 154, p. 1152, n. 95; section 155, p. 1152, n. 97; section 260, p. 1248, n. 52.

*Russell L. Dearmont* and *W. C. Russell* for appellant.

*Davis & Damron* for respondent.

SMITH, J.—This is a suit in replevin filed in the circuit court of Bollinger county, upon proper petition and affidavit. The cause was tried on the 14th day of March, 1928. The property involved consisted of a certain lot of store fixtures and furniture fully described and valued in the petition at five hundred dollars. At the institution of the suit defendant, Charles Cobb, was in possession of the property under and by virtue of an agreement which he had made with defendant S. A. Ward.

The plaintiff, J. A. Berry, who claimed to be the owner of the property, had on the first day of September, 1924, given a deed of trust upon some real estate situated in the town of Glen Allen, Bollinger county, Missouri, to Charles Cobb, trustee for one James A. McCullough, to secure the payment of a note of even date with the deed of trust for the sum of $1800, due twelve months after date with interest at eight per cent from date until paid. The deed of trust included the personal property involved in this litigation which is described in the deed of trust as follows:

"Also store fixtures in store building consisting of counters, shelving, show cases, scales, safe, desk and all store fixtures."

Defendant S. A. Ward became the owner of the note and deed of trust before foreclosure. The plaintiff made default, and Ward requested Cobb, as trustee, to foreclose, and Ward took the deed of trust to the editor of the Banner Press and requested him to advertise the property for sale thereunder. The advertisement was published in the paper for the length of time required, but was defective in that it failed to state that the trustee would sell the personal property in the deed of trust described, but the first part of the notice of trustee's sale contained a description of the chattels involved in this suit just as described in the deed of trust and as heretofore set out, but said notice contained no statement that said chattels would be sold by the trustee, but merely stated that the trustee would "offer for sale and sell at public vendue to the highest bidder for cash in hand all the real estate described in said deed of trust, or so much thereof as will be sufficient to pay the note, interest and costs."

Ward was a subscriber to the Banner Press during all the time of the publication of the notice, and read it in the paper, was present at the sale and heard the trustee read it just before he asked for bids. At the sale Ward bid $2500 for the property, this being sufficient to pay the note, interest and cost of foreclosure, and the sale was made to him, and he was given a trustee's deed dated September 12, 1927 (the date of the sale as advertised), containing the usual recitals and describing the real estate and also the personal property as it is described in the deed of trust, which trustee's deed was filed for record on the same date. After this sale, defendant Cobb, who had been previously renting the store building and fixtures from the plaintiff, attorned to Ward, and from that time on regarded Ward as the owner of the property.

The suit was originally brought against Cobb alone, but Ward upon his own application, became a party defendant.

The joint answer of the defendants contains the following averments, which clearly states their contentions in this matter:

"Defendants further state that in advertising the sale of said property under the trustee's sale, as aforesaid, the publisher who made publication of the notice of sale, as required by the terms of said deed of trust, inadvertently failed to advertise in said notice that the chattels and personal property described in said deed of trust and in plaintiff's said petition would sell or would be offered for sale on the day and date aforesaid, and for that reason an immaterial defect appears in the notice of said sale. But defendants say that they had no knowledge or information of said defect until after said sale was made, as aforesaid, to the defendant A. S. Ward, and that he bid for and bought all of said property, for value, and in good faith, without any such notice, believing at the time that he was acquiring a good and valid title to all of said property.

"Defendants further state that plaintiff attended and was present in person at said sale. That at said sale the said Cobb, as such trustee, before offering to receive bids for said property, publicly announced and stated that he intended to sell all of the real estate, chattels and personal property described in said deed of trust and in plaintiff's said petition, and for a long time then and there cried the same for sale and received bids therefor, including the final bid of the said S. A. Ward, in the presence and hearing of the plaintiff herein. That said plaintiff stood by and made no protest and gave no warning to the defendant Ward and other bidders thereat, of the said defect in said notice, or of his claim to said property, nor in any other manner made any protest or objection to the sale of the property described in said deed of trust and in plaintiff's petition. And defendants never knew or had information of plaintiff's claim or pretended claim to said property until after the sale of said property was made and concluded as aforesaid to the said Ward.

"Defendants state that if plaintiff intended to claim an interest in said property or question the sale thereof on account of any defect in said notice or for any other reason it was his bounded duty to make known to these defendants and other bidders at said sale such intentions, and before said property was so sold to said defendant Ward, and in so failing the plaintiff tacitly consented to the sale of said property at said time.

"Defendants further say that by reason of the failure of the plaintiff to speak and warn these defendants when it was his duty to speak and warn, as aforesaid, and thereby prevent the said Cobb from selling and the said Ward from buying the property described in plaintiff's petition, the plaintiff is now estopped by such conduct from claiming or asserting any right, title or interest in and to said property.

"Defendants further state that upon the purchase of said property by the said Ward, as aforesaid, and delivery of same to him, as aforesaid, he thereupon placed the said Cobb in possession thereof as a bailee, and the said Cobb had the custody and possession of said property as such bailee for said Ward at the time and date of service of the writ of replevin in this case that since the purchase of said property by said Ward at said sale he has ever been and is now the owner thereof, and by and through the said Cobb, as such bailee, at the time of the service of said writ, since and now is entitled to the possession of said property."

The plaintiff for reply denied generally the allegations of new matter contained in defendant's answer, and again prayed judgment.

The cause was tried before the court without a jury who took the case under advisement until September 11, 1928, and found for the defendants. In due time appellant perfected his appeal.

The testimony was to the effect that the plaintiff was present at the sale, that he heard the notice of sale read, that he knew of the defect in the notice, that he made no objection of any kind to the sale of the property, that after the sale and delivery of deed he claimed to own the personal property because it was not legally sold. Several witnesses testified that the trustee announced aloud that he would sell the real estate and personal property, and the defendants both testified that they did not notice the defect in the notice of sale, and did not know of any defect until after the sale and delivery of deed, when the plaintiff then claimed the personal property was not sold, and then tried to sell it to them.

We deem it not necessary to set out the testimony in detail, for there is practically no controversy over the facts. The testimony is conclusive that the printed notice did not say that the personal property would be sold, although the personal property was described in the notice, and the evidence is abundant that the trustee announced that he would sell both the real estate and the chattels.

The only question here is that of estoppel as pleaded in the answer of defendants.

The plaintiff contends that the answer does not plead sufficient facts to constitute an "estoppel *in pais*," and that there was no pleading on file to justify the court in admitting evidence offered for the purpose of showing an estoppel.

We find nothing in the record showing this answer was attacked in any way before judgment rendered, and nothing in the motion for a new trial.

It is not necessary to expressly plead that appellant was estopped but if the allegations therein amount to an estoppel, estoppel may properly be made a defense. [Cadematori v. Ganger, 160 Mo. 352, 61 S. W. 182.]

First let us get a clear definition of estoppel. In the case of First National Bank of Mexico v. Ragsdale, 171 Mo. 168, 71 S. W. 178, at page 185 thereof we find this language used by the Supreme Court of our State: "To constitute an estoppel *in pais*, three things must concur: first, an admission, statement or act inconsistent with the claim afterwards asserted and sued on; second, action by the other party on the faith of such admission, statement or act; and, third injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act. [Taylor v. Zepp, 14 Mo. 482; Newman v. Hook, 37 Mo. 207; Garnhart v. Finney, 40 Mo. 449; Bank v. Fraine, 112 Mo. 502; Johnson-Brinkman Co. v. Railroad, 125 Mo. 344; Deberry v. Wheeler, 128 Mo. 84."

We find that our courts have held that, silence, where there is a duty to speak, amounts to a concealment, and justifies the application of the doctrine of estoppel *in pais*. [Davis et al. v. Lea et al., 239 S. W. 823; Barron v. W. D. B. Anchor Store Co., 237 S. W. 786, 791, and cases cited; Schneider et al. v. Schneider et al., 224 S. W. 1, 5.]

In Corpus Juris we find this language: "Inaction or silence may under some circumstances amount to a misrepresentation and concealment of the true facts, so as to raise an equitable estoppel." 21 C. J., page 1152, and again on the same page: "Where a person stands by and sees another about to commit or in the course of committing an act infringing upon his rights and fails to assert his title or right, he will be estopped afterwards to assert it." And this principle has been followed generally, and especially by the courts of our own State. [Palmer v. Welsh, 171 Mo. App. 580, 154 S. W. 433; Mo. Real Estate Syndicate v. Sims, 121 Mo. App. 156, 98 S. W. 783; Zehuder v. Stark, 248 Mo. 39, 154 S. W. 92; H. H. Lunger Co. v. Craig, 154 S. W. 73.]

We find here this condition of affairs; the plaintiff had given a deed of trust in which he authorized the trustee therein named to

sell his personal property along with his real estate if he did not pay the note in such deed of trust described. The plaintiff made default in payment of the note. The holder of the note requested the trustee to foreclose; the trustee undertook to foreclose all the property in compliance with the request of the holder, and in keeping with the written directions and authority given by the plaintiff in his deed of trust. The printer made a mistake and did not say in the notice that the personal property would be sold. This omission was noticed by the plaintiff, but was not noticed by the trustee nor the buyer of the property; both were inexperienced in such work and thought the notice was in proper form.

The plaintiff was present at the sale, and heard the trustee read the notice of sale, and heard the defendant, Ward, bid for the property. Both defendants say that the trustee announced he would sell the real estate and personal property described in the deed of trust; several other witnesses testified to the same. The plaintiff stood within a few feet of Cobb, the trustee, and admitted that he "saw all that was done and heard all that Charley Cobb said," and admitted that he heard Cobb say "he was going to sell the Jake Berry property in Glen Allen," but did not "remember him saying fixtures. He may have said it. I would not say he did not." But on direct examination he had said that Cobb never mentioned the fixtures.

The testimony is abundant to show that the trustee announced the sale of the personal property, and the plaintiff does not directly deny it, but said "he may have said it, I would not say he did not." The plaintiff was there and saw and heard it all. Defendant Ward, bid for the personal property and took the trustee's deed for it, and then leased it to defendant, Cobb. The plaintiff claimed the personal property solely on the ground of inadvertance in publishing the notice.

We think, under the general principles of law and the rulings of our courts in the cases herein mentioned, the plaintiff is and should be estopped to try to assert title to the personal property.

The judgment was for the right party and should be affirmed. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.