COLLECTOR OF REVENUE OF JACKSON COUNTY, MISSOURI, and WILLIAM BRANT, Purchaser, v. PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS, Parcel No. 3-2170, C. L. FLAUGH, Owner, Appellant.—No. 40520.—212 S. W. (2d) 746.

Division Two, July 12, 1948.

*Rufus Burrus* for appellant.

*Nelson E. Johnson* and *George V. Aylward* for respondent.

[746] WESTHUES, C.—This is a proceeding instituted by the County Collector of Jackson County, Missouri, to foreclose tax liens as authorized by the Land Tax Collection Act, Laws 1943, page 1031. Among the parcels of land included in this suit were lots 546 and 547, Fairmount (Resurvey of lot 283), Jackson County, Missouri. As to lot 546, the trial court did not approve the sale and that lot has only an indirect bearing on the issues in this case. Explanation will be made later in this opinion. Appellant, C. L. Flaugh, owner of the lots, did not appear in the proceedings until the question of the confirmation of the foreclosure sales was presented to the trial court. He then filed a motion which reads as follows:

"Comes now C. L. Flaugh, and states to the Court that on the 11th day of March, 1947, a sale was held under and by virtue of an order of this Court wherein the property described by the above serial number in Land Trust Suit No. 3, and more particularly described as follows, to-wit:

"Lot 547, FAIRMOUNT (Resurvey of Lot 283) was offered for sale.

"Your movant further states that there was no bidding at said sale for the above described tract except that bid by William E. Brant for the sum of $158.51, which sum your movant represents and states to the Court is grossly inadequate. Your Movant further states to the Court that said property is reasonably worth the sum of $400.00.

[747] "WHEREFORE, your movant prays the Court for an order disaffirming said sale so as to permit the movant herein to redeem said lands and to pay said taxes that have now accrued against said property."

The trial court, after hearing evidence, found the value of lot 547 to be $500.00 and indicated that if the bidder would raise his bid to that amount the sale would be approved. He did so and the sale was confirmed. The evidence as to the value of the lot fully justified the finding as made by the trial court. It will be noted that the value as fixed by the court was $100.00 more than the amount stated in the landowner's motion. The court placed a value of $1500 on lot number 546. The purchaser at the sale, the same person who had bid in lot 547, refused to raise his bid on this lot so the sale was disaffirmed. From the order confirming the sale as to lot 547 Flaugh appealed.

The first point in the brief reads as follows:

"Judgment foreclosing the rights of landowner is void and bidder obtained no right to lands therein described.

"Sec. 11165, R. S. Mo., 1939.

Sec. 20, Laws 1943, p. 1042."

We learn from appellant's argument in his brief and the sections of the statute cited that appellant claims the petition is fatally defective because it discloses that the statute of limitations had run

against taxes for the years 1933 to 1939 inclusive. It is obvious that this contention cannot be sustained. Liens for taxes for the years 1933 to 1944 inclusive were sought to be foreclosed. The suit was filed on September 26, 1945. Taxes due for the years 1940 to 1944 were within the five years and therefore even if Sec. 11165, supra, were applicable the petition would not be void. There was no contention made by appellant in his motion or at the hearing that any taxes were barred because of the statute of limitations. Examining the petition we find a tax bill attached as an exhibit on which are the following notations as to the taxes due for the years 1933 to 1936 inclusive:

"Suit No. 21.05; Tract No. By Book and Page, 7-3149; Tax Year, 1933, 1934, 1935, 1936."

The same appears for the following years for which taxes were claimed to be due. A suit number was indicated for each year. In the column indicating costs accrued we find an item for "Clerks Fees" and also fees for "Suits Release." Without any contrary showing or evidence on the point we must hold that the petition indicates and shows suits had been filed for taxes for the years now claimed to be barred by limitations. Our conclusion is, that the petition does not disclose that the statute of limitations has run against any of the tax liens sought to be foreclosed. In view of this ruling it will not be necessary to pass upon the question presented by respondent as to the necessity of appellant pleading the statute of limitations.

█ Appellant says that his offer, made after the foreclosure sale, to redeem his land by paying all taxes and costs should have been accepted by the trial court. The trial court evidently followed the procedure prescribed by the Land Tax Collection Act, supra, in particular Sec's. 16 and 28 of that act. Sec. 16 provides in substance that any person having any interest in the land may redeem the same by paying to the collector all sums due and costs ". . . at any time prior to the time of the foreclosure sale of such real estate by the sheriff." The section further provides that if such redemption is not made prior to the sale such person shall be barred of any further title or interest in the land. Sec. 28 prescribes the procedure for confirmation or non-confirmation of sales. It authorizes the trial court to hear evidence as to the value of the land. If the court finds the sale price to be inadequate it is authorized to have the purchaser increase his bid to such an amount as the court may deem to be adequate. If the purchaser at the sale raises his bid to such an amount the sale *may* be confirmed. If he declines to do so the sale *shall* be disapproved.

Appellant says Sec. 28, supra, is unconstitutional and void, being in violation of Amendment XIV, Sec. 1, of the [748] Constitution of the United States and Art. I, Sec. 10, of the Missouri Constitution, 1945, that is, that it is taking property without due process of law.

This question was decided adversely to appellant's contention by this court in Spitcaufsky v. Hatten, 160 A. L. R. 990, 353 Mo. 94, 182 S. W. (2d) 86, l. c. 102 (3, 4). A few observations in line with what was said in the Spitcaufsky case may not be amiss. It is essential, in fact indispensable, to the maintenance of government that taxes be collected. This power of the state is not questioned. It is likewise necessary for the effective and efficient collection of taxes that foreclosure proceedings be authorized. While the landowner should be given every protection and safeguard to preserve his property (61 C. J. 1113, Sec. 1514), it is also essential that sales should be so conducted as to attract bidders. This enures to the benefit of the state and also the landowners. The Land Tax Collection Act, now under consideration, in our opinion has ample provisions fully protecting the property owner's rights. Land may be redeemed at any stage of the proceedings until a sale has been had, thereafter Sec. 28, supra, provides that a hearing shall be had to determine whether the amount bid is adquate. That certainly is for the benefit of the landowner. The court may, if the bid is inadequate, require the purchaser to raise his bid to the amount deemed adequate or disapprove the sale. That too is for the benefit of the landowner. The legislature, undoubtedly to encourage bidding at tax sales, has provided that the successful bidder shall have the benefit of his purchase if he is willing to pay the price deemed adequate by the trial court. The property owner thereby loses title to his property but he receives an adequate consideration. We hold that his constitutional rights of due process of law have not been violated. The right of redemption is purely statutory and the legislature may curtail such right. 61 C. J. 1241, Sec. 1686.

Appellant next contends that the trial court should have confirmed the sale on condition that the purchaser take both lots; that if he refused it should have disaffirmed the sale as to both lots. This contention of appellant is based upon the theory that the lots were of more value when sold together because of their peculiar location. This matter was presented to the trial court. The trial court in its discretion could have ruled in appellant's favor, however, on the evidence presented we are not justified in disturbing the orders made. The values placed on the lots by the trial court were, in view of the evidence, rather liberally in favor of the property owner. The record indicates that the court carefully protected the rights of the landowner.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. *Leedy* and *Ellison, JJ.,* concur; *Tipton, P. J.,* not sitting.