THE MODERN HOME INVESTMENT COMPANY, a Corporation, Respondent, v. DAN BOYLE and MILDRED BOYLE, His Wife, Appellants.— No. 40844—219 S. W. (2d) 346.

Division Two, March 14, 1949.

Motion for Rehearing or to Transfer to Banc Overruled, April 11, 1949.

*Sam Mandell* for appellants; *Popham, Thompson, Popham, Mandell & Trusty* of counsel.

1150

*Alfred M. Seddon* and *Jay L. Oldham* for respondent.

[347] WESTHUES, C.—This is a suit filed by plaintiff, a corporation, to set aside the sheriff's deed conveying Lots 78 and 79,

·Cunningham Park, Kansas City, Jackson County, Missouri, to the defendants. The deed was executed pursuant to a foreclosure proceeding ·as authorized by the Land Tax Collection Act, Laws 1943, p. 1029; Mo. R. S. A. sec. 11201.1 et seq. The trial court granted the relief prayed for and the defendants appealed.

On August 29, 1945, the Collector of Revenue of Jackson County instituted proceedings in the Circuit Court to foreclose tax liens on a large number of tracts of land. Included therein were the two lots abovementioned, which were owned by plaintiff. A default judgment was entered January 12, 1946, and on October 2, 1946, the lots were offered for sale and the defendant in this case, Dan Boyle, having offered $151 for the two lots, was the successful bidder. This sum was sufficient to pay all taxes and costs. On March 31, 1947, the court confirmed the sale and the sheriff was ordered to execute a deed conveying the lots to Mr. Boyle. The sheriff complied with the order and the deed was dated April 22, 1947.

Plaintiff in its petition, among other matters, alleged that the purchase price of $151 was so grossly inadequate as to render the sale fraudulent and void. It was further alleged that plaintiff had no actual knowledge of the foreclosure proceedings with reference to these lots until about May after the sheriff's deed had been delivered and after Mr. Boyle had notified the parties occupying the premises that he had purchased the property. Paragraph "(d)" of plaintiff's petition reads as follow:

"That appraisers appointed by the Court prior to confirmation, mistakenly viewed some vacant lots when they thought they were viewing Lots 78 and 79, and thus gave no value to the house and improvements located on Lots 78 and 79, and that such accident and mistake resulted in irreparable injury and wrong to the plaintiff, and was a fraud upon the plaintiff and upon said court;" Plaintiff in its petition also offered to reimburse the defendants in full.

Defendants offered no evidence. Plaintiff's evidence was that the market value of the property was about $2000. Plaintiff called, as a witness, the appraiser appointed by the court to view the property and to report to the court as to its value. The appraiser had been appointed by authority of Sec. 28 of the Land Tax Collection Act. This witness testified that he had mistakenly viewed vacant lots, thinking them to be Lots 78 and 79 here in question; that he had placed a value of $50 on each lot; that he found later, after the sale had been approved, that he had been in error; and that he filed a supplemental report in June, 1947, in which he appraised the property at $1550. Plaintiff introduced evidence that it was in May when it learned that the sale had been approved; that it offered to reimburse the defendants in full and asked them to reconvey the lots. This offer was refused.

█ Appellants briefed two points seeking a reversal of the trial court's judgment. They are:

1152

"I. Defendants' title to Lots 78 and 79, acquired through Sheriff's Deeds under foreclosure of tax liens in proceedings brought under the Land Tax Collection [348] Act was safe against attack, and the trial court erred in setting aside such deeds.

"II. Plaintiff's negligence and its unprincipled effort to defraud, the taxing authorities brought about the result of which it complains, and plaintiff is without equity and is not entitled to relief." We shall consider these in their inverse order. By the second point appellants rely upon the clean hands maxim well recognized in equity (30 C. J. S. 475, Sec. 93). The record, however, is barren of any evidence to sustain this charge. Appellants, as stated above, introduced no evidence. Plaintiff's evidence showed that taxes were delinquent on many parcels of land owned by it. The evidence, however, did not show that it had profited by not paying taxes when due or that taxes had been compromised to the detriment of the taxing authorities or that such authorities had been defrauded. Plaintiff's evidence also disclosed that it did not know this particular property had been included in the foreclosure proceedings. The point must be ruled against appellants.

 Appellants are correct in their first contention that in a foreclosure proceeding, instituted and carried out pursuant to the Land Tax Collection Act, the purchaser at the sale obtains a title not subject to redemption by the former owner. In Spitcaufsky v. Hatten, 160 A. L. R. 990, 353 Mo. 94, 182 S. W. (2d) 86, l. c. 94 (1) this court said:

"The main objectives of the legislation are summarily to foreclose long standing tax delinquencies on real estate, and to convey a marketable title by judicial decree, excluding any right of redemption and collateral attack." In the case of Collector of Revenue v. Parcels of Land, 357 Mo. 1231, 212 S. W. (2d) 746, l. c. 747 (2, 3), we considered Sec. 11201.28 Mo. R. S. A. We held there that if the trial court, pursuant to the provision of that section, approved a sale and made a finding that the sale price was adequate, the purchaser obtained a title not subject to redemption by the delinquent tax payer. Sec. 11201.27 Mo. R. S. A., provides that upon confirmation of a sale by the court, the equity of redemption shall be barred. Sec. 28, supra, of the act provides under what circumstances a sale may be confirmed and note that it says, "and if the court finds that adequate consideration has been paid, he shall confirm said sale and order the sheriff to issue a deed to the purchaser". The question in this case is whether or not there was compliance with the prerequisites of Sec. 28 for confirmation of a sale. We think not. In fact, it was conceded that the property sold was not appraised before the sale was confirmed. We deem this omission to be fatal. The provisions of Sec. 28 are for the benefit of the property owner as well as for the benefit of the tax collecting authorities. The purpose of the act is to stimulate bidding and to pre-

vent confiscation of property. We so ruled in the case of Collector of Revenue v. Parcels of Land, supra. In this case it is clear that if the deed is not set aside plaintiff's property has been confiscated. The purchase price is so grossly inadequate that no court would approve the sale. The trial court in this case did not do so because it did not have before it a true appraisal or, in fact, any appraisal of the property.

Appellants urge that this court in the Spitcaufsky case ruled that the purpose of the act was to foreclose the right of redemption so as to make tax sales more attractive and the collection of taxes more efficient. To this we agree. This, however, is not a suit to redeem property but a proceeding to cancel a tax deed upon the ground that a necessary step in the proceedings was omitted. It will be noted in the Spitcaufsky case that a contention was made that the right to resort to the courts could not be taken away by legislative act. In answer to that contention, this court (182 S. W. (2d) l. c. 109 (63) ) made the following comment which we deem applicable to the question before us:

"It is argued that no legislative fiat can make a deed absolute and conclusive beyond the range of judicial inquiry. But the Act does not even purport to declare that the people cannot resort to the courts for the purpose of testing such conveyances. The question is, what law will they encounter when they get there. We have already held the Legislature may provide [349] for the sale of the whole fee simple title to land at tax foreclosure sales, and that that title will pass if the proceedings are not jurisdictionally invalid." The judgment is affirmed. *Bohling* and *Barrett, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.