BRASKER et ux.

v.

CIRESE.

No. 43473.

Supreme Court of Missouri.

En Banc.

June 14, 1954.

Anthony J. Miceli, Lawrence W. Saeger, Kansas City, for appellants.

J. K. Owens, I. I. Ozar, Kansas City, for respondent.

COIL, Commissioner.

Plaintiffs-appellants, husband and wife, sought to cancel a sheriff's deed issued to defendant-respondent as a result of proceedings under the Land Tax Collection Law, §§ 141.210–141.810 (all section references are RSMo 1949, V.A.M.S.). The trial chancellor found plaintiffs not entitled

to relief and entered judgment dismissing their petition.

Plaintiffs had been the record owners of the instantly involved house and lot in Kansas City since 1939. The county taxes were delinquent for the years 1944 to 1948, inclusive. An in rem action was instituted under the Land Tax Collection Law, supra, resulting in a foreclosure judgment on November 4, 1949. On June 30, 1950, at a duly advertised and regularly conducted sale, defendant purchased the property for $143.-11, more than sufficient to pay the taxes and costs due. A hearing to confirm the sheriff's sale (§ 141.580) was set for September 22 and continued to October 6, 1950. Thereafter the following order and judgment was entered:

"Now on this 20th day of October, 1950, comes on for final determination the Sheriff's report of sale as to the above described parcels of land included in Land Tax Suit No. 21, which report has heretofore been filed on the 26th day of July, 1950, and which report was, upon motion filed on the 3d day of August, 1950, by Alvin D. Hatten, Collector of Revenue of Jackson County, Missouri, set for hearing commencing on the 22d day of September, 1950, and continued from time to time until the 6th day of October, 1950, at which time the court examined said report, heard the testimony of competent and qualified witnesses as to the value of each of said parcels of land, examined the exhibits and documentary evidence, and being fully advised in the premises, took the same under advisement.

"The court now finds:

"That the Sheriff of Jackson County, Missouri, duly advertised said sale and sold at public auction each of said parcels of land in Jackson County, Missouri, in accordance with the judgment of this court heretofore entered on the 4th day of November, 1949; that each of said parcels of land was sold to an individual purchaser at a regular Sheriff's sale; that the price paid for each of said parcels of land was an adequate consideration therefor.

"Wherefore, it is ordered, adjudged and decreed by the court that the Sheriff's sale as to each of said parcels of land be and the same is hereby, in all respects, confirmed as to each of said parcels of land;

"That the lien of the general tax bills shall take priority as determined by the judgment entry of the 4th day of November, 1949; that the Sheriff shall, if no appeal is taken within twenty days, execute his deed to the purchaser of each of said parcels of land, place the purchaser in immediate possession thereof and distribute to the holders of the general tax liens affecting each of said parcels of land the amount necessary to satisfy said liens in the priority as determined herein; that upon satisfaction of said liens this cause shall stand dismissed as to such persons and taxing authorities, owning, holding or claiming any right, title or interest in any such general tax bill or bills so paid, and the case shall be continued as to any party claiming any right, title or interest in or lien upon each of said parcels of land affected by such general tax bill or bills as to their respective claims to any such surplus fund then remaining in the hands of the Sheriff from the sale of each of said parcels of land.

"That the Circuit Clerk of Jackson County, Missouri, is directed to issue a writ of possession to place said purchaser in immediate possession of each of said parcels of land, if said writ is necessary."

No appeal was taken from that judgment. A writ of possession was issued by the circuit clerk of Jackson County on December 18, 1950, and defendant took possession on January 15, 1951, after plaintiffs had been forcibly dispossessed.

Plaintiffs' evidence was: that the property had been appraised at $1750 by the county collector's delinquent land tax division after the land had been sold at the foreclosure sale (the date of such appraisal was not shown); that in October 1950 (day not shown), two appraisers for the Housing Authority of Kansas City had appraised the property at $3975. The Housing Authority by trial time had condemned the property, had paid $4,000 into court, and defendant, in October, 1951, had agreed to

accept that amount as his damages. The evidence was conflicting as to whether plaintiff-husband had received by mail notices of the impending foreclosure sale and of the subsequent hearing on confirmation (although he admitted having received by mail a notice that the sale of the property to defendant had been confirmed); there was evidence that plaintiff-wife had received no notices by mail.

Plaintiffs contend that their suit to set aside the sheriff's deed is a direct attack not only upon the deed but upon the judgment of confirmation as well; that the consideration paid by defendant was so grossly inadequate as to shock the conscience of the court and to entitle them to the equitable relief sought; that the judgment, confirming the sheriff's sale and ordering the deed to defendant, was so gross an abuse of the discretion placed in the trial court as to constitute a noncompliance with the provisions of Section 141.580.

We shall assume without deciding that plaintiffs' present suit to set aside the sheriff's deed does amount to a direct, rather than a collateral, attack upon the order and judgment confirming the sheriff's sale as well as upon the sheriff's deed. Thus we treat the action as a suit in equity to set aside a final judgment of a circuit court and to cancel a sheriff's deed ordered by that judgment to be executed and delivered to defendant. (There is no contention made that plaintiffs' petition may be treated as a petition for review of a default judgment rendered on constructive service. §§ 511.-170–511.240. Plaintiffs' claim is clearly for equitable relief and not for relief under those statutes.)

It is well established that upon timely application equity will intervene to set aside a final judgment procured by fraud or to prevent injustice where a final judgment was the result of unavoidable accident or excusable mistake. Krashin v. Grizzard, 326 Mo. 606, 615, 31 S.W.2d 984, 987[1]; Overton v. Overton, 327 Mo. 530, 540, 541, 37 S.W.2d 565, 567[1], [2, 3]; Chouteau v. City of St. Louis, Mo.App., 131 S.W.2d 902, 903[1], 904[4, 5]. But "the fact that injustice results from the judgment is by no means sufficient to invoke equitable interposition.". Jones v. Arnold, 359 Mo. 161, 168, 221 S.W.2d 187, 192. Here, however, as we shall indicate hereinafter, there was no evidence of fraud in the procurement of the judgment or any showing that the judgment resulted from accident or mistake.

Plaintiffs make no contention that the proceedings by which this property was foreclosed and sold were not in every respect regular and in strict accordance with the applicable law; they do not contend that they were not served by publication, nor do they question the legal sufficiency of such service. Nor do plaintiffs contend that the trial court was without jurisdiction in this action. Spitcaufsky v. Hatten, 353 Mo. 94, 110–114, 182 S.W.2d 86, 95–98.

The difficulty with plaintiffs' position is that they adduced no evidence tending to prove what in fact occurred at the confirmation hearing on September 22 and October 6, 1950. Plaintiffs' proof showed only that an appraisal of the property at $1750 was made sometime after it was sold at foreclosure and that in October, 1950 (the month of the judgment) the property was appraised at $3975. Whether either appraisal was before the trial court at the confirmation hearing is not shown. It may be that it is a reasonable inference from the evidence that the $1750 appraisal made by the collector's agent was available at the time of the confirmation hearing. But whether this appraisal was before the court and, if so, what other appraisals, if any, were considered, does not appear. Nor was there any evidence as to what the "testimony of competent and qualified witnesses" heard by the court at the hearing to confirm the sheriff's sale was. The judgment discloses, among other things, that the court "heard the testimony of competent and qualified witnesses as to the value of each of said parcels of land" (including the land here in question), and "The court now finds: * * * that the price paid

for each of said parcels of land was an adequate consideration therefor." 

 Section 141.580 makes it the duty of the court to "hear evidence of the value of the property offered on behalf of any interested party to the suit, and shall forthwith determine whether an adequate consideration has been paid for each such parcel." The section further provides that the court may summon any city or county official, or other person, to testify as to the reasonable value of the property and that, if he finds that the consideration paid is adequate, "he shall confirm said sale and order the sheriff to issue a deed to the purchaser. If the court finds that the consideration paid is inadequate, the purchaser may increase his bid to such amount as the court may deem to be adequate, whereupon the court may confirm the sale." But if the purchaser declines to make the additional payment, "then the sale shall be disapproved, * * *." The provisions of Section 141.580 make adequacy of consideration a fact issue to be litigated at the hearing on confirmation. So far as the record in this case shows, that fact issue was litigated at the confirmation hearing, and the court found and adjudged that the consideration paid at the foreclosure sale was adequate. Section 141.590 provides for an appeal from such a judgment. As noted, no appeal was taken by anyone and the judgment became final. Whether the trial court erred in finding and adjudging that $143.11 was adequate consideration for property apparently worth at the time from $1750 to $3975 is not now open for consideration in the absence of some showing that the confirmation judgment was procured through fraud, accident, or mistake. Otherwise, the trial court's finding was, at most, a judicial error correctible on appeal. A court of equity does not determine whether other tribunals committed errors of law or fact while exercising their jurisdiction. Overton v. Overton, supra, 37 S.W.2d at page 567[2, 3]. In so far as the application of the principles of res judicata are concerned, an erroneous judgment has the same effect as a correct one. McIntosh v. Wiggins, 356 Mo. 926, 931, 204 S.W.2d 770, 772 [6, 7].

In Spitcaufsky v. Hatten, supra, the validity of most of the sections of the Land Tax Collection Law were in question. One of the contentions made was that what are now sections 141.480, 141.560, 141.570, and 141.580 "countenance the sale of delinquent lands on bids so shockingly inadequate as to amount to constructive or legal fraud, in defiance of Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S.W.2d 813, decided by this court en banc in 1942." 182 S.W.2d at page 102[34]. And the respondents in that case, in support of that contention, demonstrated that the statutory charges added to the delinquent taxes would permit land to be sold for less than 15% of its value. The court, in answering this contention, said: "The section [141.580] requires the court to hear evidence on the adequacy of the successful bids; and to reject such of them as are found inadequate and order a resale, if the purchasers will not increase their bids to a figure deemed by the court to be reasonable. This procedure applies to sales to the Land Trust as well as other purchasers. Thus the question of adequacy is made a direct issue in every case, and the court's decision on confirmation should stand res judicata as on other issues of fact. We see no constitutional or legal objection to that course, and overrule respondents' contention." 182 S.W.2d at pages 102[35], 103. Thus, this court, en banc, held that the Land Tax Collection Law provides for the determination of the adequacy of the consideration paid at the sheriff's sale before execution and delivery of a deed to a purchaser is ordered. In other words, the Law provides the machinery and procedure to prevent the sale of property for a consideration so grossly inadequate as to shock the conscience and to amount to confiscation of property. If, in this instance, for some cause unknown to us, the machinery and procedure failed to prevent the very thing it was designed to prevent, plaintiffs' adequate remedy was by appeal from the judgment confirming the sheriff's sale. Plaintiffs had their day

in court on the fact issue of adequacy of consideration. That they did not appear and offer evidence on this issue was not because the opportunity to so do was not provided by the Law, and that they did not appeal, but permitted the judgment to become final, was also not because of any defect in the Law. The issue of adequacy of consideration was finally determined, albeit probably erroneously determined as it now appears. In the absence of fraud in procurement, accident, or mistake, that final judgment is res judicata on the fact issue of adequacy of consideration.

It is true that " 'adequate consideration' as the term is used in the Act was intended by the legislature to mean such an amount as the court is satisfied is substantial, and fairly and reasonably commensurate with the value of the land in the circumstances of a forced-tax sale in a proceeding wherein, the sale having been confirmed, the purchaser procures a marketable title. Such a consideration would be adequate, it would seem, although it be less than the 'full value' of the property—sufficiently less to yet induce bidders, and facilitate the sales and the collection of the long-delinquent taxes." Hatten v. Parcels of Land, etc., 358 Mo. 853, 858[2], 217 S.W. 2d 511, 514[3]. But clearly, any determination of whether an adequate consideration has been paid, as the term "adequate consideration" is used in the Law as above noted, would necessarily include and embrace a consideration of the question of whether the consideration paid was so grossly inadequate as to shock the conscience and to amount to confiscation of the property.

It is also true that plaintiffs claim they had no actual notice by mail of the filing of the foreclosure suit as contemplated by Sections 141.440 and 141.450, and no actual notice otherwise of either the foreclosure suit or the hearing to confirm the sheriff's sale. And if such is true, the hearing to confirm the sheriff's sale, at which the trial court determined the question of the adequacy of consideration (at which plaintiffs did not appear and of which they claim they had no actual notice), was not an adversary proceeding in the sense we usually think of a proceeding wherein parties are adverse. But Section 141.440, providing for notice by mail to the last known persons in whose names the tax bills were last charged on the collector's records, also provides that "failure of the collector to mail the notice * * * shall not affect the validity of any proceeding brought pursuant to sections 141.210 to 141.810." And in Spitcaufsky v. Hatten, supra, the court en banc, in determining whether the Law's provisions as to service afforded due process, recognized that the foreclosure "suit must stand or fall on the validity of the published notice except as to parties who enter appearance." 182 S.W.2d at page 95. And it was there held that service by publication as provided in the Law was sufficient. 182 S.W.2d at page 96[10, 11]. And, in determining whether fraud in the procurement of a judgment has been shown, no distinction is made between cases in which service has been by publication and those in which there has been personal service, except that defendants "who have been personally served have less excuse to cry fraud than those who have had no actual notice." Fadler v. Gabbert, 333 Mo. 851, 871, 63 S.W.2d 121, 131[13]; Johnson Timber & Realty Co. v. Belt, 329 Mo. 515, 523, 46 S.W.2d 153, 156.

Plaintiffs rely on Modern Home Inv. Co. v. Boyle, 358 Mo. 1149, 219 S.W.2d 346, a suit to set aside a sheriff's deed executed pursuant to foreclosure under the Land Tax Collection Law. The appraiser, who had been appointed by the court to view the property and report to it at the confirmation hearing, had mistakenly viewed two vacant lots (believing them to be the property involved) and had valued them at $50 each. Later, and more than two months after the court had confirmed the sale for $151, on the erroneous testimony before it that the lots were worth $100, the appraiser had filed a supplemental report in which he valued the property actually involved at $1550. It was held that plaintiff's proof showed noncompliance with Section 141.580 in that the property had not been in fact

appraised before the sale was confirmed, and further, that the $151 sale price was so grossly inadequate that the court would not have approved the sale if it had had before it a true appraisal of the property at the time of the hearing to confirm the sale. (While Section 141.580 does not require an appraisal, the section does require the determination by the court of the adequacy of the consideration paid, and does require the court to hear evidence of the value of the property.) As we read the Modern Home case, the basis for its conclusion is that the plaintiff proved that the judgment confirming the sale had been entered as a result of an excusable mistake brought about by the fact that the court had determined the issue of adequacy of consideration upon evidence relating to property other than that involved and thus in fact failed to determine that issue. And it was held that equity could and would relieve against the injustice of the judgment resulting from that mistake or constructive fraud. In the instant case, however, the record does not show that the judgment resulted from actual or constructive fraud or from mistake. So far as appears, the trial court found that the consideration paid was adequate based upon evidence before it of the value of the very property in question.

The instant case has caused us considerable concern. We are aware that the ultimate fact remains that a professional buyer of tax titles has received property worth probably $4,000 for an expenditure of $143.11; and that under a long line of decisions, both prior and subsequent to Bussen Realty Co. v. Benson, supra, the consideration paid, even on a minimum value of $1750, is so grossly inadequate as to shock the conscience and establish fraud. We are also aware of the fact that if the instant deed had been obtained as a result of a tax sale where there had been no prior judicial determination of whether the consideration paid was or was not adequate, it would most surely be set aside on the ground alone that the consideration was so grossly inadequate as to shock the conscience and establish fraud; and that we would not permit this property to be so sacrificed as to amount to confiscation. And we are also aware of the fact that had an appeal been taken by these plaintiffs from the judgment confirming the sheriff's sale, we doubtless would have reversed that judgment (assuming, of course, that there had been evidence in that record demonstrating the unconscionably gross inadequacy of the consideration paid). It may seem, therefore, extremely harsh and inequitable to refuse relief to these plaintiffs who have offered to reimburse defendant sufficiently to make him whole, and to permit this property, in which plaintiffs had lived continuously from 1939 until they were forcibly dispossessed in January, 1951, to pass to one who has paid only $143.11 for it. But to do otherwise under the facts here, would be to thwart the purpose of the legislature expressed in the Land Tax Collection Law, to emasculate the clear provisions of that Law, and to depart from settled principles of res judicata.

The judgment is affirmed.

VAN OSDOL and LOZIER, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the Court.

All concur.

Adopted as opinion of the court en Banc.

HYDE, J., concurs in result.

CONKLING, C. J., and HOLLINGSWORTH, DALTON and LEEDY, JJ., and BENNICK and CAVE, Special Judges, concur.