Mary CONTRARE, Respondent,

v.

Joseph C. CIRESE, Appellant.

No. 47712.

Supreme Court of Missouri,

Division No. 1.

June 13, 1960.

·J. K. Owens, Kansas City, for appellant.

Frank W. Aylward, James P. Aylward, Jr., George V. Aylward, William B. Teasdale, Kansas City, for respondent.

DALTON, Judge.

Action in equity to quiet and determine title to described real estate in Jackson County. The trial court granted the relief prayed and defendant has appealed.

Plaintiff specifically sought to vacate and set aside a tax sale, the order and judgment of the court approving it and the sheriff's deed executed pursuant thereto. The action purports to be a direct attack upon the order and judgment of the court and the sheriff's deed thereunder ·on the ground of accident, mistake and constructive fraud in that there was no appraisement of the property sold and, therefore, no compliance with the pre-requisites of the Land Tax Collection Act, particularly Sec. 141.580 (1) RSMo 1949, V.A.M.S., in that the court heard no evidence as to the value of the particular property sold, because the appraiser who testified before the court at the time of the confirmation did not in fact appraise the property, but due to accident and mistake with reference to the legal description, he viewed and appraised the adjacent property and testified with reference thereto; and that the plaintiff's property had a value in excess of $4,000 and was sold for $200.10 to her damage. Defendant by answer denied that plaintiff had any right, title or interest in the property and alleged that he was the owner thereof and entitled to possession.

Appellant's brief contains no statement of the facts, but reviews only the allegations of the pleadings, certain admissions, the contentions of the respective parties and with some argument. Such a statement is not a compliance with Supreme Court Rule 1.08(b, c), 42 V.A.M.S. '59 pocket part, page 3.[1]

1. Now Civil Rule 83.05(c, d), V.A.M.R.

The property involved was known and numbered as 522 Delaware Street, in Kansas City, Missouri, however, the tax proceedings referred to it by its legal description, to wit: Lot 9, Kray's Addition, a Subdivision in Kansas City, Jackson County, Missouri, and the north 10 feet, 4½ inches of Lot 3, J. Rivards Addition.

The property was sold in 1948 for delinquent state and county taxes for 1942 and 1944. It is admitted that no city taxes were then due. The record shows that the suit to foreclose the tax lien under the Land Tax Collection Act was instituted on May 29, 1947, and default judgment was entered November 7, 1947. Thereafter, the property was offered for sale on June 14, 1948, to the highest bidder and sold to appellant Joseph C. Cirese for $200.10. The amount of the bid was in excess of $192.05, which was the amount of the state and county taxes, interest, penalties, attorney fees and costs. The sheriff's report of sale was filed September 7, 1948, and the sheriff's deed dated October 30, 1948 was thereafter executed and delivered to appellant and recorded on December 15, 1948.

Respondent had acquired the property by deed from Oscar Flensberg and Effie Flensberg on June 22, 1944, and entered into possession thereof and remained in possession, until the property was condemned and taken by the city in a condemnation proceeding for highway purposes, the Sixth Street Expressway, in 1953. Her attorney handled the original purchase transaction for her and she thought he had had her deed recorded. When she bought the property in 1944, there were no outstanding taxes, or at least that is what she thought. She testified that she had paid all taxes for 1944 to 1948. She first learned of appellant's claim to the property in the latter part of 1948, or the first part of 1949. Prior to that time she had received no actual notice of any of the proceedings to foreclose the lien for delinquent taxes, or of the sale and approval thereof and the execution of a deed to appellant. Respondent's deed

was not recorded until February 21, 1949. When respondent learned of the tax sale and deed to appellant, she contacted him at once and offered to pay him the money he had expended and tendered him the full amount of the purchase price, plus interest and asked for a quitclaim deed, but appellant refused the offer and her request. She testified that she was still ready, willing and able to pay the $200.10 and interest to appellant.

The present action was instituted April 22, 1949. This was within the time subsequently fixed by Section 141.610 RSMo 1949, Laws 1949, p. 602, V.A.M.S. The cause was tried on September 23, 1958, and on October 28, 1958, judgment was entered for plaintiff granting the relief prayed.

Respondent's witness, Hansel Compton, the appraiser for the "Land Trust" during 1947 and 1948, appraised property around Fifth and Delaware and, when he was directed to appraise the property in question here, he mistakenly appraised the building at 520 Delaware and did not appraise the property at 522 Delaware. He testified as to how and why the mistake occurred, as follows: "Well, Missouri Avenue runs east and west and Delaware Street was northwest, northeast. And we had plats to work off of, and we did our—we get some object that we could measure from. So I measured from Missouri Avenue to try to find this place, and as I found out later, Missouri Avenue had been widened, and that is the reason I missed this 15 feet or 20, whatever it was. And I went into this other place and asked them if I had a key to get into that place and they said no. So I went around the back end, bricks all laying there, and I didn't climb up in there. Q. You went in 522 to see if they had a key to 520 and— A. That's right." When his mistake was discovered, he went back to reappraise the described property, but the building at 522 Delaware had been torn down. He had appraised the *north* building instead of the *south* one. The one he appraised had a basement according to

information he received from a tenant, but he didn't go down into the basement. He did not file an amended appraisement sheet when he discovered his error, it was then too late. This witness admitted that he had testified at the time the sale was confirmed, but said he had been given a legal description and he testified what the property he appraised was worth, but he had not appraised the property at 522 Delaware, the south property. The property he appraised was the north one of two units. It was on the north side of Missouri Avenue, the first, or furtherest one, on the north.

The records from the assessor's office, concerning the property at 522 Delaware Street, showed that it consisted of a two story building containing apartments and a storeroom. The lot had a total of 2040 square feet of area. The outside walls of the building were brick, but with pine flooring and a flat roof, and it had a reproduction cost of $13,612. The building had a total of ten rooms, the foundation was of stone and there was no basement. There was also evidence that "there were 4956 [sic] square feet in the building."

Respondent testified that the fair market value of the property in June and September 1948 was $6,000, or more; and that she had spent more than $2,000 in improvements in 1948 or 1949. Another witness, a real estate broker testified that she appraised the property in January 1953 and fixed its fair market value at $8,500. She had also inspected the same property in the spring of 1949 before it was improved and she then fixed its value at $6,500. In the condemnation case, wherein the property was taken for public purposes as a part of the Sixth Street Expressway, pursuant to Kansas City Ordinance No. 15945, passed September 12, 1952, a jury fixed the amount of compensation for the taking of the property at $5,250. Respondent had promptly asserted her right to the proceeds of the

award in that case and was contesting appellant's claim thereto.

Defendant's evidence tended to show that, during the tax lien foreclosure proceedings, two notices were sent to the last known address of Oscar J. Flensburg, 541 Delaware Street, Kansas City, Missouri. These letters were not returned. The first notice or letter was in addition to the notice by publication and the second was to the effect that the property would be sold for county taxes on June 14, 1948.

The trial court found "that the appraiser appointed by the trial court prior to the confirmation of the sheriff's sale mistakenly viewed the property adjoining the property in question, so that the trial court upon confirmation of the sale had no appraisal before it; that said real estate was sold for a grossly inadequate price of $200.00 when said property was worth more than $5000.00 at the time, which testimony was uncontradicted." The court ordered and decreed "that the deed made and executed by the Sheriff of Jackson County, Missouri, dated the 30 day of October, 1948, recorded in Book B4235 at page 729, conveying to the defendant J. C. Cirese, the premises in the petition described * * * was and is fraudulent and void as against Mary Contrare, and that the said Mary Contrare is the owner in fee simple and has all of the right, title and interest vested in her in and to the lands above described * * *."

■ Under points and authorities appellant says: "The Court was without jurisdiction to set aside the deed which was based on a valid judgment issued under the Land Tax Law of Missouri." The assignment does not comply with Supreme Court Rule 1.08(a) (3) or 1.08(d),[2] in that it does not show "what actions or rulings of the Court are sought to be reviewed and wherein and why they are claimed to be erroneous." We can only look to appellant's printed argument in an effort to determine what was intended.

2. Now Civil Rule 83.05(a) (3), (e), V.A.M.R.

Appellant argues that the circuit court "had judisdiction under the judgment in the original tax case"; that when that court rendered a decision affirming the sale of the mentioned property for taxes the sale was "as final as any other judgment and can only be attacked as any other judgment rendered by a court"; that the judgment confirming the sale was "a final appealable judgment"; and that the party who had title of record had notice of the fact that the case was set for hearing when the sale was confirmed. We need not question these contentions. They are not questioned by respondent.

■■ Appellant further insists that this present proceeding is a collateral attack upon the final judgment in the tax case wherein the court found that the amount paid by the purchaser at the tax sale was a reasonable price. Appellant is mistaken. This is a direct proceeding in equity to vacate and set aside the final judgment in the tax case for accident, mistake and constructive fraud and because the court had no evidence before it as to the value of this particular property when the sale was confirmed and the deed ordered executed. Since it is a proceeding brought for the very purpose of impeaching or overturning the judgment, it constitutes a direct, rather than a collateral attack on the judgment. See Boonville Nat. Bank v. Schlotzhauer, 317 Mo. 1298, 298 S.W. 732, 740, 55 A.L.R. 489; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S.W. 778, 780. A final judgment is still subject of course to a direct attack on proper grounds. Jones v. Arnold, 359 Mo. 161, 221 S.W.2d 187, 191(5); City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d 837, 840(1).

■ "It is well established that upon timely application equity will intervene to set aside a final judgment procured by fraud or to prevent injustice where a final judgment was the result of unavoidable accident or excusable mistake. Krashin v. Grizzard, 326 Mo. 606, 615, 31 S.W.2d 984, 987[1]; Overton v. Overton, 327 Mo.

530, 540, 541, 37 S.W.2d 565, 567[1], [2, 3]; Chouteau v. City of St. Louis, Mo.App., 131 S.W.2d 902, 903 [1], 904 [4, 5]." Brasker v. Cirese, Mo.Sup., 269 S.W.2d 62, 65 [1]; Johnson v. Stull, Mo.Sup., 303 S.W. 2d 110, 115; Moore v. Moore, Mo.Sup., 329 S.W.2d 742, 744.

■ In support of appellant's first point appellant quotes at length from the opinion in the case of Brasker v. Cirese, supra, 269 S.W.2d 62, 67–68, but the facts in that case are clearly distinguishable from the facts here. The opinion so indicates when it states: "Whether the trial court erred in finding and adjudging that $143.11 was adequate consideration for property apparently worth at the time from $1750 to $3975 is not now open for consideration in the absence of some showing that the confirmation judgment was procured through fraud, accident, or mistake." The facts considered in the Brasker case were very different from the facts here and the court considered and distinguished that case from the case of Modern Home Investment Co. v. Boyle, 358 Mo. 1149, 219 S.W.2d 346, on which respondent relies. 269 S.W.2d 62, 67(8). Appellant quotes a portion of the opinion in the case of Collector of Revenue of Jackson County v. Parcels of Land, 357 Mo. 1231, 212 S.W.2d 746, 748, discussing the matter of the making of proof of an adequate bid as adequately protecting the landowner. That case does not aid appellant under the facts here. Appellant also quotes at length from Spitcaufsky v. Hatten, 353 Mo. 94, 182 S.W.2d 86, 89(23) et seq., 160 A.L.R. 990, which case passed upon the constitutionality of the "Land Tax Collection Act." We find nothing in that opinion material to the issues here, other than the statement that "a decree rendered under the Act will be entitled to the same favorable presumptions that attend the judgment of a court of general jurisdiction in other sections." 182 S.W.2d 86, 100. These cases do not support appellant's position that a court of equity is powerless to set aside a tax deed where there is accident, mistake and constructive fraud involved

in the procurement of the judgment confirming the sale.

Appellant also cites Bennett v. Cutler, Mo.Sup., 245 S.W.2d 900, 902, holding in effect that the primary purpose of the Land Tax Collection Act is summarily to foreclose long-standing tax delinquencies on real estate and to convey marketable title by judicial decree excluding any right of redemption and collateral attack. That proceeding was an action to quiet and determine title to real estate but, so far as appears from that opinion no facts were stated to invoke the aid of a court of equity on any ground in a direct attack upon the judgment and the court properly held that the judgment ordering the sale was not subject to collateral attack in that proceeding. See Baker v. Lamar, Mo.Sup., 140 S.W.2d 31, 34. The case does not aid appellant under the facts here.

The facts in the case now before this court are almost identical to the facts in the case of Modern Home Investment Co. v. Boyle, supra, 219 S.W.2d 346, 347, in which case the action of the trial court in vacating the judgment was affirmed. The jurisdiction of the circuit court to set aside a deed based upon a final judgment under the "Land Tax Law," or the judgment itself under proper circumstances, is no longer an open question in this state, but whether or not the court erred in so doing is another question.

Appellant's second assignment deals with the question of whether the trial court erred in entering the particular judgment appealed from. Appellant says: "The respondent is estopped by her acts and by the judgment entered in this case from asking equitable relief." Appellant refers, we believe, to the judgment confirming the sale and ordering the deed executed, and not the judgment from which this appeal was taken. Respondent is not estopped to seek the aid of a court of equity to set that judgment aside on the grounds stated. The purpose of the action is to vacate the judgment and set aside the deed. The authorities hereinbefore cited support her right to present her cause in a court of equity.

Appellant further contends that respondent should be estopped in equity because she failed to pay the taxes on her property before the tax judgment was entered and the property sold for taxes. Appellant also refers to the fact that she obtained a deed to the property in 1944 and did not record it until 1949. Appellant says the taxing authorities had no way of telling that respondent owned the property or had any interest in it. Appellant insists that since respondent negligently failed to record her deed so that "the proper authorities could determine who was the legal owner of this property she cannot now complain." We have reviewed respondent's evidence with reference to her failure to record her deed, her failure, if any, to pay the taxes and her lack of knowledge of the tax proceedings until after the judgment had become final and a deed had been delivered to appellant.

On the issue of estoppel, the appellant cites Berry v. Cobb, 223 Mo.App., 934, 20 S.W.2d 296; Mitchell v. Newton County Bank, 220 Mo.App. 223, 282 S.W. 729 and Norman v. Summerfield Jones Const. Co., Mo.App., 18 S.W.2d 559. These cases do not aid appellant under the facts of this case. Estoppel was not pleaded as a defense. The appellant did not testify and there are no facts in evidence upon which to base an estoppel against respondent and in favor of appellant.

Appellant futher argues that the record fails to show exactly what evidence concerning the value of the property was offered at the time the tax sale was confirmed; and that the appraisement of the property at 520 Delaware was not offered in evidence. Appellant says that the court would not have confirmed the sale without hearing evidence of the value of respondent's property and, since the sale was confirmed, "it is presumed that he heard

evidence at the trial of the case or at the time the sale was confirmed." These arguments do not tend to support either of the assignments under points and authorities in appellant's brief. However, we think the record sufficiently shows that, at the time the sale was confirmed, there was no evidence before the court as to the value of respondent's property, since the appraiser who filed the report and testified in the case had mistakenly appraised the wrong property.

Since it sufficiently appears from this record, considered as a whole, that due to accident and mistake Section 141.580 RSMo 1949 V.A.M.S. was not complied with and as a result respondent's property was sold for an unconscionable sum, we must and do hold that the trial court did not err in vacating the judgment confirming the sale and the sheriff's deed executed pursuant thereto.

The judgment is affirmed.

All concur.