ALVIN D. HATTEN, Collector of Revenue of Jackson County, Missouri, Plaintiff, v. PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS, C. B. KAPLAN, Appellant, v. J. G. SHANNON, Respondent. —No. 40618.—217 S. W. (2d) 511.

Court en Banc, February 14, 1949.

Herbert Jacob and C. B. Kaplan for appellant.

*George V. Aylward* and *T. P. Downs* for respondent.

[512] VAN OSDOL, C.—Appeal from an order disapproving the sale of a described tract of real estate in Jackson County. The sale was had under the provisions of the Land Tax Collection Act, Sections 1 to 52, inclusive, Laws of Missouri, 1943, p. 1029 et seq., Mo. R. S. A. § 11201.1 et seq. The case involves the construction of the Act, particularly Section 28 thereof, Laws of Missouri, 1943, pp. 1051-1052, Mo. R. S. A. § 11201.28.

Suit was filed September 29, 1945; and default judgment was rendered for $826.44, May 21, 1946. The land was sold to purchaser-appellant Kaplan, the highest bidder, for $1750 and the sheriff filed his report of sale April 27, 1947. June 5, 1947, movant-respondent filed motion to disapprove the sale on the ground the bid of $1750 was so inadequate as to constitute constructive fraud. It was alleged by movant that the land was of the reasonable market value of $6000.

Respondent is one of two heirs of the original owner, respondent's mother, who died September 23, 1946. Respondent resides in the residence building on the land.

The property is a lot 33⅓′ x 130′, 4037 McGee Street, with a five-room frame residence building thereon. The house was built in 1902. It has "all public improvements," but there is no garage and no drive-way. The house is covered with an asbestos or "composition" roof. The lot slopes, a "pretty good drop," down from the front. The house has "settled some" and it could "stand a coat of paint," not having been painted for seven years; but there is no siding missing, and no cracks in the foundation. The guttering, although loose in front, is in good condition. The inside needs some papering.

Respondent testified he had been "offered up to $8500" for the property; two houses in the neighborhood sold for $3750 and $4100, respectively, in 1930 or 1932. Expert testimony varied as to the property's reasonable market value.

Respondent's witnesses put the property's value at from $5500 to $6356. They estimated the rental value to be $50 per month. Appellant's witnesses estimated its market value at $2000, and the rental value at $25 per month. Respondent's witnesses were of the opinion repairs costing $200 [513] to $300 were needed, and one witness estimated the value of the lot alone to be $1500. Appellant's witnesses testified the house "needs much repair." It would require the expenditure of $1000 to $1500 to put it in "a liveable condition." After such repairs the market value of the property would not be in excess of $4000; the lot alone should be valued at $500.

At the conclusion of the evidence introduced at the hearing on respondent's motion, the trial judge expressed the (verbal) opinion the bid of $1750 was less than half of the property's "probable worth" and announced he would hold the bid inadequate. In his discussion, the trial judge referred to Section 11385, Laws of Missouri, 1945, p. 1950, Mo. R. S. A. § 11385. In so doing, the judge said, "I was just indicating, however, the judgment of the legislature as to what is a fair price." And the judge announced he was "setting the price at $4000." However, the appellant did not tender a sufficient sum to bring the bid to $4000, but tendered a sum of $250 additional to the bid of $1750. Thereupon the trial court entered an order and judgment disapproving the sale. The judgment recited the "value of said parcel of land was determined by the court to be $4000."

Appellant contends the trial court's action was arbitrary. It is urged the trial court erred in interpreting the term "adequate consideration" as used in the Section 11201.28, supra. Appellant says "adequate consideration" should be interpreted as such a consideration as is not so unjust and unfair as to "shock the moral senses," and that the trial court interpreted the term to mean an amount equivalent to the "full value" of the property.

The Section 11201.28, supra, provides that, after the sheriff has sold any parcel of real estate, the court shall, upon motion of any interested party, set the cause down for hearing to confirm the foreclosure sale thereof. The court is directed to hear offered "evidence of the value . . . and (the court) shall forthwith determine whether an adequate consideration has been paid . . . and if the court finds that adequate consideration has been paid, he shall confirm said sale. . . If the court finds that the consideration paid is inadequate, the purchaser may increase his bid to such amount as the court may deem to be adequate, whereupon the court may confirm the sale. If, however, the purchaser declines to increase his bid and

make such additional payment, then the sale shall be disapproved . . ."

In the case of Spitcaufsky v. Hatten, 353 Mo. 94, 182 S. W. 2d 86, this court (en banc) said the main objectives of the Land Tax Collection Act are summarily to foreclose long-standing tax delinquencies on real estate, and to convey a marketable title by judicial decree, excluding any right of redemption or collateral attack. The provided proceedings to foreclose are equitable and in rem with notice by publication directed solely against the tax-delinquent lands. However, the owner is not without some protection.

The legislature has made provision for the determination of the issue of adequacy of the amount of a successful bid made at the sheriff's sale pursuant to the Act. The court upon motion is required to hear evidence on the issue. Section 11201.28, supra. The court is to reject the bid found to be inadequate, and order a resale if the bidder will not increase his bid to such amount as the court may deem adequate. The question of adequacy is made a direct issue in every case, "and the court's decision on confirmation should stand res judicata as on other issues of fact." Section 11201.28, supra. Spitcaufsky v. Hatten, supra, 353 Mo. at page 122, 182 S. W. 2d at page 103. The hearing to determine the issue of adequacy is of benefit to the owner. The provision for the hearing contemplates "adequate consideration" for the property. And the legislature, in encouraging bidding at tax sales, has provided the successful bidder shall have the benefit of his purchase if he is willing to pay the price deemed adequate by the trial court. This is also for the benefit of the owner who, although he thereby loses title to his property, receives an adequate consideration therefor. In Re Parcels of Land Encumbered with Delinquent Tax Liens, Cause Number 40,520, 357 Mo. 1231, 212 S. W. 2d 746; Spitcaufsky [514] v. Hatten, supra. But we recognize the owner's long-time failure to perform an owner's paramount obligation to pay taxes; and we know the legislature, in enacting the Land Tax Collection Act, had the purpose of summarily and expeditiously foreclosing the liens of long-standing delinquent taxes. Spitcaufsky v. Hatten, supra.

It has been held in cases of tax sales that *mere inadequacy of consideration* or price is insufficient to justify a court of equity in setting aside the sales. It is only when the consideration or price or bid is so shockingly inadequate as to amount to constructive fraud that such sales are to be set aside. In such cases the relief is granted, not on the ground of inadequacy of consideration, but on the ground of fraud as evidenced thereby. See Bussen Realty Co. v. Benson, 349 Mo. 58, 159 S. W. 2d 813 (Jones-Munger Law); Moore v. Brigman. 355 Mo. 889, 198 S. W. 2d 857 (Jones-Munger Law); Mangold v. Bacon, 237 Mo. 496, 141 S. W. 650 (quasi in rem proceedings effective prior to the enactment of the Jones-Munger Law in 1933). Inade-

quacy of consideration (alone), however, *is a ground* for disapproval of a tax sale under the Land Tax Collection Act (if the purchaser does not raise his bid to an amount deemed by the court to be adequate). This is because the legislature has said so. Section 11201.28, supra.

But the legislature surely did not intend the term "adequate consideration" as used in the Section should mean an amount equivalent to the "full value," or to the reasonable market value of the property—the value as between one who desires, but is not compelled, to buy, and one who is willing, but not compelled, to sell. The provided sale is a forced sale, and for taxes. To interpret "adequate consideration" as an amount equivalent to full market value would discourage or destroy the incentive for bidding and impede or defeat the attainment of the main objectives of the Act. Yet it must be remembered that the sale pursuant to the decree conveys the whole interest of every person having or claiming any right, title or interest in the real estate; that the owner's right of redemption must be exercised before the sale; and that upon confirmation of the sale there is finally confirmed in the purchaser a marketable title. Section 25, Land Tax Collection Act, Laws of Missouri, 1943, pp. 1046-1047, Mo. R. S. A. § 11201.25; Section 26, Land Tax Collection Act as repealed and re-enacted, Laws of Missouri, 1945, pp. 1765-1767, Mo. R. S. A. § 11201.26; Spitcaufsky v. Hatten, supra. It is of advantage to the purchaser to be thus promptly vested with a salable title. "Adequate consideration" has been defined generally as one which is a fair equivalent in value for the benefit obtained. Cyclopedic Law Dictionary, 3d Ed., page 30. We believe "adequate consideration" as the term is used in the Act was intended by the legislature to mean such an amount as the court is satisfied is substantial, and fairly and reasonably commensurate with the value of the land in the circumstances of a forced-tax sale in a proceeding wherein, the sale having been confirmed, the purchaser procures a marketable title. Such a consideration would be adequate, it would seem, although it be less than the "full value" of the property—sufficiently less to yet induce bidders, and facilitate the sales and the collection of the long-delinquent taxes.

Attending the instant case, the record discloses the trial judge was fully aware that he was treating with the question of adequacy of consideration in a sale for taxes. This is shown by his reference, in passing, to Section 11385, supra; but it is clear the trial judge did not regard the Section 11385, supra, as governing the issue of adequacy of consideration in the instant sale pursuant to the provisions of the Land Tax Collection Act. It is true the order and judgment recites the value of the property to be $4000. It is noticed the Section 11201.28, supra, directs the court to hear proffered evidence of the value. The trial court nowhere indicated his opinion the $4000 was the "full value" or the reasonable market value of the property. And it may be inferred that, in finding the value to be $4000, the trial

court was finding $4000 was the "adequate consideration" which the Section requires a purchaser [515] to pay in the circumstance of the tax sale pursuant to the Act. The trial judge did not consider respondent's testimony of the offers of $8500 for the property. A finding of $4000 as the value of the property in the situation of the forced sale was within the purview of the evidence introduced upon the issue of adequacy. While the record indicates the $4000 was in some measure arrived at by taking the "mean" of the extremes of the various estimates of value, such a "quotient" or mean, $4000, was much below a sum which could be reasonably inferred from the evidence to have been the reasonable market value. We cannot say the trial court misinterpreted the meaning of the Act, particularly the meaning of Section 11201.28 thereof, nor can we say the trial court's action in fixing the amount, $4000, was arbitrary.

The order and judgment disapproving the sale should be affirmed. It is so ordered.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the Court en Banc. All the judges concur.