In the Matter of MANAGER OF the
DIVISION OF FINANCE OF JACKSON COUNTY, Missouri, Respondent,

v.

LA–SHA CONSULTING,
INC., Appellant.

Nos. WD 66385 to WD 66387.

Missouri Court of Appeals,
Western District.

Dec. 26, 2006.

Edward L. Pendleton, Kansas City, MO, for appellant.

Jacqueline A. Sommer, Kansas City, MO, for respondent.

Before THOMAS H. NEWTON, P.J., PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ.

THOMAS H. NEWTON, Presiding Judge.

La–Sha Consulting, Inc. (La–Sha) appeals the judgment of the circuit court, denying its motion to set aside the tax sale. Because the considerations for the parcels were so grossly inadequate, we reverse.

**Factual and Procedural Background**

La–Sha had failed to pay real estate taxes on three parcels of land it owned. The Jackson County Collector (County) sued La–Sha to foreclose the tax liens against the parcels. La–Sha did not answer. The circuit court at Independence entered default judgments for the County after finding La–Sha was properly notified, and ordered the Jackson County Court Administrator to sell the parcels. La–Sha neither appealed the foreclosure judgments nor redeemed its parcels, as provided in sections 141.510 [1] and 141.530. Subsequently, the parcels were advertised for sale in a legal publication (Daily Record), and notice of the sale (date, location, and time) was mailed to La–Sha's last known address. The parcels were sold by auction at the Independence Courthouse: Parcel I—$288.79, Parcel II—$260.79, and Parcel III—$254.80, with each property having a discounted land value of $3,300; La–Sha was not present. The circuit court at Independence entered judgments confirming the purchase prices. La–Sha filed motions to set aside the judgments because of inadequate consideration paid for the parcels and lack of notice to them of the tax sale. The circuit court denied the motions, and La–Sha appeals those judgments, which we have consolidated into one appeal. La–Sha raises two points on appeal. Because

---

1. All statutory references are to RSMo. (2000)  unless otherwise indicated.

the first is dispositive, we need not address the second.

## Standard of Review

■ Our review is the same as with any other judge-tried case. *In re Foreclosure of Liens for Delinquent Land Taxes*, 190 S.W.3d 416, 418 (Mo.App. W.D.2006). We will reverse the decision only if it is not supported by substantial evidence, it erroneously applies or declares the law, or it is against the weight of the evidence. *Id.*

## Legal Analysis

■ La–Sha argues that the circuit court's decision was not supported by substantial evidence and was against the weight of the evidence because the amounts paid for the parcels were grossly inadequate. La–Sha claims the amounts paid ($288.79, $260.79, and $254.80) for the land were grossly inadequate because each parcel was appraised at $5,000.00 with a discounted value of $3,300.00. A court of equity cannot set aside a tax sale because of mere inadequate consideration. *Hatten v. Parcels of Land Encumbered with Delinquent Tax Liens*, 358 Mo. 853, 217 S.W.2d 511, 514 (1949). Rather, the consideration paid must be so grossly inadequate that it amounts to constructive fraud or confiscation, shocking the court's conscience. *See Delinquent Land Taxes*, 190 S.W.3d at 419 (citing *Brasker v. Cirese*, 269 S.W.2d 62, 67 (Mo. banc 1954)); *Hatten*, 217 S.W.2d at 514.

■ Adequate consideration means "such an amount as the court is satisfied is substantial, and fairly and reasonably commensurate with the value of the land in the circumstances of a forced-tax sale." *Hatten*, 217 S.W.2d at 514. Adequate consideration does not require the sale price to mirror the full value or the reasonable market value of the land. Id. Although no set percentage of the land's value constitutes inadequate consideration, Missouri cases suggest consideration that is less than ten percent of the value of the land is constructive fraud or amounts to confiscation. *See Wieser v. Linhardt*, 257 S.W.2d 689, 691 (Mo.1953) (listing cases that set aside tax sales where the sale prices were less than ten percent of the land value).

Here, the sale prices were less than ten percent of the discounted land value. Nothing in the record supports a finding that the considerations were adequate. Although the land parcels are "landlocked behind surrounding vacant lots, and can only be useful to the adjacent property owners," that fact does not justify the sale prices as the County claims. Such limitations were accounted for when the County's appraiser discounted the land values from $5,000 to $3,300. The discounted values also reflect that the parcels were to be sold at a forced tax sale. *See Delinquent Land Taxes*, 190 S.W.3d at 419. The appraisal reports indicate that the land was residential in a neighborhood with quality parks, schools, view, and noise levels. The reports also indicate that the land would be worth $50,000 to $175,00 if a single-family residence were built on the land. The trial court should have disapproved the sale and proceeded in accordance with section 141.580. *See J.C. Nichols Inv. Co. v. Roorbach*, 162 S.W.2d 274, 274–75 (Mo.1942) (reversing trial court's denial of motion to set aside deed).

Because there is insufficient evidence to support the decision, and it was against the weight of the evidence, we reverse the denial of the motion to set aside the confirmation judgment, and the tax sale is set aside.

PATRICIA A. BRECKENRIDGE, and JOSEPH M. ELLIS, JJ., concur.