In the Matter of Foreclosure of Liens for Delinquent Land Taxes by Action in rem: **MANAGER OF REVENUE OF JACKSON COUNTY, Missouri, Appellant,**

v.

**Robert J. FIKES, Respondent.**

**No. WD 73011.**

Missouri Court of Appeals, Western District.

May 17, 2011.

Abbe M. Feitelberg, Jacqueline A. Sommer, Kansas City, MO, for Appellant.

James D. Jenkins, Michael B. Hunter, Kansas City, MO, for Respondent.

Before GARY D. WITT, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

The Manager of Revenue of Jackson County, Missouri (Jackson County) appeals the circuit court's judgment setting aside a tax foreclosure sale of a parcel of property owned by Robert J. Fikes. The Land Trust of Jackson County[1] paid $1,870.61 for the property. The circuit court found that the price paid for the property by the Land Trust was so grossly inadequate as to amount to conclusive and decisive evidence of fraud. Jackson County contends the circuit court's decision was against the weight of the evidence and erroneously applied the law because inadequate consideration is not a ground to invalidate a sale when the land is sold to the Land Trust and when it complied with the statutory requirements pertaining to the tax foreclosure sale. We disagree and affirm the circuit court's judgment.

On May 21, 2007, Jackson County filed its "Petition and List of Parcels of Land Encumbered with Delinquent Taxes" in the circuit court. The petition listed parcels of real estate which, on January 1, 2007, were delinquent in the payment of taxes to Jackson County for a period of two years or more. One of the real properties included on the list of delinquent parcels was the real property located at

---

1. The Land Trust is a public corporation acting in a governmental capacity and was created pursuant to section 141.700, RSMo 2000, which says:

    There is hereby created a commission for the management, sale and other disposition of tax delinquent lands, which commission shall be known as "The Land Trust of........ County, Missouri", and the members thereof shall be known as land trustees. Such land trust shall have and exercise all the powers that are conferred by sections 141.210 to 141.810 necessary and incidental to the effective management, sale or other disposition of real estate acquired under and by virtue of the foreclosure of the lien for delinquent real estate taxes, as provided in said sections, and in the exercise of such powers, the land trust shall be deemed to be a public corporation acting in a governmental capacity.

4520 Wabash in Kansas City, Missouri. The petition listed Robert and Maureen Fikes as the last known persons appearing on the records of the Director of Collections or the last named owners of record of the property.

Jackson County published notices concerning the foreclosure of the property for four consecutive weeks: on June 20, June 27, July 4, and July 11, 2007. On September 17, 2007, the circuit court ordered that Jackson County have judgment against the property for the amount of the taxes, including interest, penalties, attorney's fees and costs, and appraisal fee. The court further ordered that the property be sold by the Court Administrator of Jackson County at a public sale for the purpose of satisfying the judgment for the tax liens.

On July 8, 2008, the Jackson County Collection Department mailed a final notice of sale to Fikes informing him that the Circuit Court Administrator would sell his property at a public auction to the highest bidder on August 25, 2008. In this notice, Fikes was informed that he had the right to redeem the property by paying all taxes, interest, penalties, attorney's fees, and costs prior to the sale. Thereafter, Fikes entered into an installment contract with Jackson County pursuant to section 141.530.1, RSMo 2000,[2] to repay the taxes.

Fikes paid $200 in August 2008, and then made another payment of $40.00 in November 2008. He made no further payments after that time.

On July 6, 2009, the Jackson County Collection Department mailed another final notice of sale to Fikes informing him that the Circuit Court Administrator would sell his property at a public auction to the highest bidder on August 24, 2009. The notice also said that, if no acceptable bids are received, the property will be deemed to have been sold to the Land Trust of Jackson County. Jackson County published notices concerning the sale of Fikes's property for delinquent taxes for four consecutive weeks: on July 31, August 7, August 14, and August 21, 2009.

On August 25–27, 2009, Jackson County, through the Circuit Court Administrator, held the tax foreclosure sale for Fikes's property. On August 27, 2009, the property, having received no bids, was sold to the Land Trust for a price of $1,870.61, which represented the amount of the delinquent tax judgment, interests, costs, and publication fees.

After a couple of continuances, on March 3, 2010, the circuit court sent Fikes a Notice of Confirmation Hearing, informing him that a hearing to confirm or disaffirm the sale of his property would be held on

---

**2.** Section 141.530 says:

1. Except as otherwise provided in section 141.520, during such waiting period and at any time prior to the time of foreclosure sale by the sheriff, any interested party may redeem any parcel of real estate as provided by this chapter. During such waiting period and at any time prior to the time of foreclosure sale by the sheriff, the collector may, at the option of the party entitled to redeem, enter into a written redemption contract with any such party interested in any parcel of real estate, other than a residential property which has been vacant for at least six months, providing for payment in installments, monthly or bimonthly, of the delinquent tax bills, in-cluding interest, penalties, attorney's fees and costs charged against such parcel of real estate, provided, however, that in no instance shall such installments exceed twelve in number or extend more than twenty-four months next after any agreement for such installment payments have been entered into[.]

2. So long as such installments are paid according to the terms of the contract, the six-month waiting period shall be extended, but if any installment is not paid when due, the extension of such waiting period shall be ended without notice, and the real estate shall forthwith be advertised for sale or included in the next notice of sheriff's foreclosure sale.

March 25, 2010. On March 25, 2010, Fikes requested another continuance. Finally, on May 27, 2010, the circuit court held a hearing to determine whether it should confirm or disaffirm the sale of Fikes's property. On September 21, 2010, the circuit court entered a judgment disaffirming the sale. The circuit court determined that the market value for Fikes's property at the time of the tax foreclosure sale was $18,000 and determined that the value of the property at a forced sale was $5,000. The circuit court concluded that the price for which the property sold at the tax foreclosure sale was "an inadequate consideration" and was "so grossly inadequate as to amount in itself to conclusive and decisive evidence of fraud." Jackson County appeals.

█ Our review in this case is the same as with any other judge-tried case. *In re Foreclosure of Liens for Delinquent Land Taxes,* 190 S.W.3d 416, 418 (Mo.App.2006). We will reverse the circuit court's judgment only if it is not supported by substantial evidence, is against the weight of evidence, or erroneously declares or applies the law. *Id.*

█ Jackson County contends that the circuit court's decision was against the weight of the evidence and erroneously applied the law because inadequate consideration is not a ground to invalidate a sale when the land is sold to the Land Trust and when it complied with the statutory requirements pertaining to the tax foreclosure sale. We disagree.

The tax sale in this case was held according to the provisions of Chapter 141, RSMo, sometimes referred to as the Land Tax Collection Law, which applies to chartered first class counties. §§ 141.210–141.810, RSMo (2000). When no bid is received on the property equal to the full amount of the tax bill, interest, penalties, attorney's fee and costs, the General Assembly has instructed that "the land trustees shall be deemed to have bid the full amount of all tax bills included in the judgment, interest, penalties, attorney's fees and costs then due[.]" § 141.560.2, RSMo 2000. Section 141.560 says:

1. If, when the sheriff offers the respective parcels of real estate for sale, there be no bidders for any parcel, or there be insufficient time or opportunity to sell all of the parcels of real estate so advertised, the sheriff shall adjourn such sale from day to day at the same place and commencing at the same hour as when first offered and shall announce that such real estate will be offered or reoffered for sale at such time and place.

2. In the event no bid equal to the full amount of all tax bills included in the judgment, interest, penalties, attorney's fees and costs then due thereon shall be received at such sale after any parcel of real estate has been offered for sale on three different days, which need not be successive, the land trustees shall be deemed to have bid the full amount of all tax bills included in the judgment, interest, penalties, attorney's fees and costs then due, and if no other bid be then received by the sheriff in excess of the bid of the trustees, and the sheriff shall so announce at the sale, then the bid of the trustees shall be announced as accepted. The sheriff shall report any such bid or bids so made by the land trustees in the same way as his report of other bids is made.

3. The land trustees shall pay any penalties, attorney's fees or costs included in the judgment of foreclosure of such parcel of real estate, when such parcel is sold or otherwise disposed of by the land trustees, as herein provided. Upon confirmation by the court of such bid at such sale by such land trustees, the collector shall mark the tax bills so

bid by the land trustees as "canceled by sale to the land trust" and shall take credit for the full amount of such tax bills, including principal amount, interest, penalties, attorney's fees, and costs, on his books and in his statements with any other taxing authorities.

Jackson County contends that it followed these procedures in foreclosing the tax lien on Fikes's property. It asserts that the authority of the Land Trust to bid on any property placed for sale by the Court Administrator is limited by section 141.560.2 to "the full amount of all tax bills included in the judgment, interest, penalties, attorney's fees and costs then due." Jackson County argues that the legislature did not intend to permit the Land Trust to bid in excess of the amount due and owing because section 141.560.2 says that if no other bid is received in excess of the bid of the trustees, "the bid of the trustees shall be announced as accepted."

Although we agree with Jackson County that the Land Trust's bid is limited by section 141.560.2 to "the full amount of all tax bills included in the judgment, interest, penalties, attorney's fees and costs then due," the General Assembly did not require that such bid be deemed to be adequate consideration by the courts. Indeed, in section 141.580, RSMo 2000, the General Assembly set forth procedures for the circuit court to confirm or disapprove the foreclosure sale. Section 141.580 provides in part:

1. After the sheriff sells any parcel of real estate, the court shall, upon its own motion or upon motion of any interested party, set the cause down for hearing to confirm the foreclosure sale thereof, even though such parcels are not all of the parcels of real estate described in the notice of sheriff's foreclosure sale. At the time of such hearing, the sheriff shall make report of the sale, and the court shall hear evidence of the value of the property offered on behalf of any interested party to the suit, and shall forthwith determine whether an adequate consideration has been paid for each such parcel.

2. For this purpose the court shall have power to summon any city or county official or any private person to testify as to the reasonable value of the property, and if the court finds that adequate consideration has been paid, he shall confirm the sale and order the sheriff to issue a deed to the purchaser. If the court finds that the consideration paid is inadequate, the purchaser may increase his bid to such amount as the court may deem to be adequate, whereupon the court may confirm the sale. If, however, the purchaser declines to increase his bid and make such additional payment, then the sale shall be disapproved, the lien of the judgment continued, and such parcel of real estate shall be again advertised and offered for sale by the sheriff to the highest bidder at public auction for cash at any subsequent sheriff's foreclosure sale. *Unless the court requires evidence of the value of the property conveyed to land trust, none shall be required, and the amount bid by the land trustees shall be deemed adequate consideration.*

(Emphasis added.)

Jackson County seems to ignore the last sentence of section 141.580.2 and instead tries to argue that the value of Fikes's property is wholly irrelevant in a case where the Land Trust has purchased the property. The final sentence of section 141.580.2 says, "Unless the court requires evidence of the value of the property conveyed to land trust, none shall be required, and the amount bid by the land trustees shall be deemed adequate consideration."

"Adequate consideration, as the term is used in Chapter 141, is such an amount as the court is satisfied is substantial, and fairly and reasonably commensurate with the value of the land in the circumstances of a forced-tax sale[.]" *In re Foreclosure of Liens for Delinquent Land Taxes*, 190 S.W.3d at 419. While in some cases the court may not require evidence of the value of the property and may deem the amount bid by the Land Trust to be adequate consideration, the General Assembly also gave the circuit court the authority to require evidence of the value of the property and the authority to disapprove the bid by the Land Trust. To hold that any value analysis is irrelevant in a Land Trust transaction would render the language in section 141.580.2 giving the circuit court the authority to require evidence of the value of the property con-

veyed to the land trust meaningless. "[T]he legislature is not presumed to have intended a meaningless act." *Murray v. Mo. Hwy. and Transp. Comm'n*, 37 S.W.3d 228, 233 (Mo. banc 2001).

In this case, the circuit court required evidence of the value of the property, and, after hearing the evidence concerning the value of the property, the circuit court determined that the consideration paid by the Land Trust was inadequate.[3] We conclude that section 141.580.2 gave the circuit court the authority to do what it did. Although section 141.560.2 does not permit the Land Trust to bid an amount in excess of the amounts due and owing at the foreclosure sale,[4] to hold that section 141.580.2 gives the courts the authority to disapprove the bid by the Land Trust due to inadequate consideration does no injustice

3. In making its determination that the consideration was inadequate, the circuit court relied on the Missouri Supreme Court case of *Ellis v. Powell*, 117 S.W.2d 225 (Mo.1938), which said:

> It is the general rule that a sheriff's sale of real estate under execution will not be set aside on mere inadequacy of consideration. However, an exception to said rule is stated by a standard text as follows: "Inadequacy of consideration, if it be so gross a nature as to amount in itself to conclusive and decisive evidence of fraud, is a ground for cancelling a transaction. In such cases the relief is granted, not on the ground of inadequacy of consideration, but on the ground of fraud as evidenced thereby". Kerr on Fraud and Mistake, 161, citing many authorities.

*Id.* at 226. The *Ellis* case concerned an action to set aside a tax deed purporting to convey land to the City of New Madrid. *Id.* The *Ellis* case was impliedly overruled in *Powell v. County of St. Louis*, 559 S.W.2d 189 (Mo. banc 1977) to the extent that it could be read as applying the adequacy of consideration rule to tax sales under Chapter 140, RMSO. *See also Wieser v. Linhardt*, 257 S.W.2d 689, 690 (Mo.1953). Under section 141.580, adequacy of consideration, however, is an issue for the courts to consider. In determining what consideration is so grossly

inadequate as to amount to constructive fraud or confiscation in a property tax foreclosure sale under Chapter 141, this court has held: "Although no set percentage of the land's value constitutes inadequate consideration, Missouri cases suggest consideration that is less than ten percent of the value of the land is constructive fraud or amounts to confiscation." *Manager of Div. of Finance of Jackson Cty. v. La–Sha Consulting, Inc.*, 224 S.W.3d 605, 607 (Mo.App.2006). Jackson County, however, is correct that this case dealt with a private purchaser of the land and not property conveyed to the Land Trust. We need not decide, however, whether consideration that is less than ten percent of the value of the land is constructive fraud or amounts to confiscation in a Land Trust transaction because Jackson County's only point on appeal is that inadequate consideration is not a ground to invalidate a sale when the land is sold to the Land Trust when it complied with the statutory requirements pertaining to the tax foreclosure sale.

4. Because the Land Trust did not appear at the confirmation hearing, we need not decide whether the Land Trust is authorized to increase the amount of its bid upon a judicial finding of inadequate consideration under section 141.580.2.

to section 141.560.2 or the Land Trust. It merely means that the consideration is inadequate, that the circuit court disapproves the sale, and that the process for the foreclosure sale starts anew.

We, therefore, affirm the circuit court's judgment.

All concur.