In the Matter of the FORECLOSURE OF LIENS FOR DELINQUENT LAND TAXES BY ACTION IN REM: COLLECTOR OF REVENUE, BY AND THROUGH THE DIRECTOR OF COLLECTIONS FOR JACKSON COUNTY, MISSOURI, Respondent,

v.

CHANCELLOR MEDIA WHITECO OUTDOOR CORP., Appellant,

Amin Enterprise LLC, Respondent.

WD 80455

Missouri Court of Appeals, Western District.

OPINION FILED: OCTOBER 31, 2017

Whitney S. Miller, Kansas City, MO; Stephen Wayne Nichols, Kansas City, MO, Counsel for Respondents.

Jon A. Blongewicz, Leawood, KS, Counsel for Appellant.

Before Division Two: Anthony Rex Gabbert, Presiding Judge, Thomas H. Newton, Judge, Gary D. Witt, Judge

Anthony Rex Gabbert, Judge

Waitt Outdoor Corp.[1] (Waitt) appeals the circuit court's judgment finding $11,000 was adequate consideration paid at a public tax foreclosure sale for a billboard previously owned by Waitt and for which Waitt owed delinquent property taxes. Waitt raises two points on appeal. First, Waitt contends that the trial court's findings regarding the market value of the property were against the weight of the evidence, thereby causing the court to conclude erroneously that $11,000 was adequate consideration for the foreclosed property pursuant to Section 141.580.2, RSMo Cum. Supp. 2012. Second, Waitt contends that the trial court misapplied the law in determining that adequate consideration was paid for the property; Waitt argues that the court erroneously applied the standard that, if the purchase price at a tax foreclosure sale is greater than ten percent of the real estate's market value, adequate consideration was paid. We affirm.

Waitt owned a small parcel of land (Parcel) containing a two-sided advertising billboard in Oak Grove, Jackson County, Missouri. Waitt failed to pay taxes on the Parcel, resulting in Jackson County pursuing the delinquency through a tax foreclosure sale. The amount owed to satisfy the full amount of general taxes, interest, penalties, attorney fees and costs on the Parcel at the time of the sale was $7,528.55. Waitt does not dispute the tax delinquency or proper notice of the foreclosure.

On August 15, 2016, the Court Administrator for the Circuit Court of Jackson County offered the Parcel for sale at the Jackson County Courthouse in Independence, Missouri. After competitive bidding, Amin Enterprise, LLC, purchased the Parcel for the sum of $11,000.00.

On November 30, 2016, a confirmation hearing was held on the sale of the Parcel. Jackson County assessment records were entered into evidence showing the assessed value of the Parcel to be $48,947 in 2015. On December 21, 2016, the court held an evidentiary hearing related to the confirmation of the sale of the Parcel. At that hearing, Jackson County's counsel reminded the court of the previously admitted business records assessing the value of

---

1. Waitt Outdoor Corp. is the successor in interest to Chancellor Media Whiteco Outdoor Corp. for the property discussed herein.

the Parcel at $48,947. No objections were raised. The county admitted photographs of the Parcel into evidence and asked that the sale of the Parcel be confirmed.

Waitt contended that inadequate consideration had been paid for the Parcel, introduced evidence to support its claim, and asked the court to decline confirmation. Waitt called Kevin O'Brien, a real estate appraiser, to testify. O'Brien testified that, after considering a number of factors, he determined the fair market value of the Parcel to be $90,000 using the income approach to valuation. He testified that, because billboards typically sell for their income value, this approach was most appropriate. He testified that the range of value for the Parcel using this approach is $70,000 to $110,000. He reached a value of $70,000 to $80,000 using a gross income multiplier analysis, and $80,000 to $110,000 using a net income multiplier analysis. O'Brien testified on cross examination that he based these figures on expected lease revenue of $950 per month on the Parcel. O'Brien acknowledged, however, that Waitt received only $475 per month lease income on the Parcel. Although O'Brien disagreed that the $475 per month figure was appropriate for the valuation, he agreed that a market is defined by a willing buyer and a willing seller at an arm's length negotiating price. He also agreed that, if his valuation had been based on a $475 per month lease rate, the market value of the Parcel would approximate $45,000.

O'Brien testified that the comparable sales approach to valuation provided good secondary support for the value he placed on the Parcel, but that he placed less reliance on this approach due to limited data. He agreed that none of the comparables were close in nature to the actual subject property. O'Brien determined the market value of the Parcel to be $90,000 using the sales comparison approach. O'Brien was asked on cross-examination what percentage a forced sale decreases value. O'Brien testified that the estimated value of property subjected to a forced sale decreases by twenty to twenty-five percent.

On January 23, 2017, the circuit court entered a Judgment deeming the purchase price of $11,000 adequate consideration for the Parcel and confirming the sale of the Parcel to Amin Enterprise, LLC. The court concluded that evidence showed possible market values ranging from $48,947 as appraised by the County Tax Assessor, to $90,000 as appraised by Waitt's witness. The court also noted a $110,000 market value suggested by Waitt's appraiser. The court concluded that the purchase price, therefore, varied between ten to twenty-two percent of appraised market value, "well within the precedential range of adequate consideration in the state of Missouri." Waitt appeals.

Our standard of review is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Schollmeyer v. Schollmeyer*, 393 S.W.3d 120, 122 (Mo. App. W.D. 2013). We will affirm the circuit court's judgment unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 122-123.

In Waitt's first point on appeal, Waitt contends that the trial court's findings regarding the market value of the Parcel were against the weight of the evidence, thereby causing the court to conclude erroneously that $11,000 was adequate consideration for the foreclosed property pursuant to Section 141.580.2. Waitt argues that the weight of the evidence was that the market value of the Parcel was between $80,000 and $110,000 and potentially $125,000, not $48,947 to

$110,000 as found by the court. We find no error.

When reviewing the record in an against-the-weight-of-the-evidence challenge, this Court defers to the circuit court's findings of fact when the factual issues are contested and when the facts as found by the circuit court depend on credibility determinations. A circuit court's judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment. When the evidence poses two reasonable but different conclusions, appellate courts must defer to the circuit court's assessment of that evidence.

*Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014).

Here, Waitt primarily disputes the court's low-end value of $48,947 as being against the weight of the evidence. Yet, not only was Jackson County's assessed property value of $48,947 in evidence, Waitt's own expert testified that, if he had used Waitt's actual lease income amount of $475 per month, rather than the lease income estimate of $950 per month, the value of the Parcel using the income approach to valuation would be $45,000 instead of $90,000.

We find ample evidence in the record from which the court could have reasonably determined the low-end market value of the Parcel to be $48,947. Point one is denied.

 In Waitt's second point on appeal, Waitt contends that the trial court misapplied the law in determining that adequate consideration was paid pursuant to Section 141.580.2 by erroneously applying a standard that, if the purchase price at a tax foreclosure sale is greater than ten percent of the real estate's market value, adequate consideration was paid.

 Section 141.580.2 provides in part:

1. After the sheriff sells any parcel of real estate, the court shall, upon its own motion or upon motion of any interested party, set the cause down for hearing to confirm the foreclosure sale thereof, even though such parcels are not all of the parcels of real estate described in the notice of sheriff's foreclosure sale. At the time of such hearing, the sheriff shall make report of the sale, and the court shall hear evidence of the value of the property offered on behalf of any interested party to the suit, and shall forthwith determine whether an adequate consideration has been paid for each such parcel.

2. For this purpose the court shall have power to summon any city or county official or any private person to testify as to the reasonable value of the property, and if the court finds that adequate consideration has been paid, he shall confirm the sale and order the sheriff to issue a deed to the purchaser.

. . .

"Under Section 141.580, adequacy of consideration . . . is an issue for the courts to consider." *Manager of Revenue of Jackson County v. Fikes*, 341 S.W.3d 705, 710 n.3 (Mo. App. W.D. 2011).

A court of equity cannot set aside a tax sale because of mere inadequate consideration. Rather, the consideration paid must be so grossly inadequate that it amounts to constructive fraud or confiscation, shocking the court's conscience. Adequate consideration means such an amount as the court is satisfied is substantial, and fairly and reasonably commensurate with the value of the land in the circumstances of a forced-tax sale. Adequate consideration does not require the sale price to mirror the full value or

the reasonable market value of the land. Although no set percentage of the land's value constitutes inadequate consideration, Missouri cases suggest consideration that is less than ten percent of the value of the land is constructive fraud or amounts to confiscation.

*Manager of Div. of Finance of Jackson Cty. v. La-Sha Consulting, Inc.*, 224 S.W.3d 605, 607 (Mo. App. W.D. 2006) (internal quotation marks and citations omitted).

Here, Waitt agrees that "[t]he law of Missouri in this area of 'inadequate consideration' pursuant to [Section] 141.580.2 gives a trial court broad discretion" and that *La-Sha Consulting* "seems to set a guideline indicating that a payment must be less than ten percent to be inadequate consideration." Waitt argues, nevertheless, that "[t]he trial court, to the extent it did, should not have used this less than ten percent guideline, but rather taken a broader approach and not used a set percentage and to do so was erroneous." We find no error.

Waitt fails to explain how the court improperly applied the law by following established precedent. Although Waitt seems to suggest that the court abused its discretion in recognizing, comparing, and applying precedent to the facts of this case, Waitt fails to articulate how. Beyond this, although Waitt suggests that the court erred in blindly following a "ten percent guideline" rather than taking a broader approach to determining if the consideration was inadequate, the record does not support that the court based its determination solely on a ten percent guideline.[2]

Waitt's argument distorts the court's findings regarding the value range of the Parcel and the percentages of consideration paid in relation to these values; Waitt proclaims that the court found the $11,000 purchase price of the Parcel to be twelve percent of the market value, suggesting that the court found the market value of the Parcel to be $90,000. The court did not. The court found the value range of the Parcel to be "$48,947 as appraised by the County Tax Assessor, to $90,000 as appraised by the agent of the Record Owner." The court found the corresponding purchase price percentages of those values to be twenty-two percent and twelve percent respectively. The court also noted Waitt's appraiser's top-end market value of $110,000, and that the $11,000 purchase price was ten percent of that value. Based on these figures the court concluded:

> That considering the evidence presented by both parties and based on any appraisal offered of the market value of the parcel, the range of purchase price varies between 10 to 22 percent of the appraised market value. Those amounts are well within the precedential range of adequate consideration in the state of Missouri. Therefore, considering any market value in the range presented at the hearing, and considering the relative credibility of the range of values, the purchase price of $11,000 is adequate consideration for the parcel of land[.]

Hence, there is no support in the record for Waitt's suggestion that the court blindly used a set percentage to reach its conclusion that the consideration paid was adequate. The record is clear that the court considered all of the evidence, reached a conclusion as to the market value of the Parcel after considering the credibility of the evidence, and then compared the amount of consideration paid to the

---

**2.** We need not address and take no position on whether sole reliance on a ten percent guideline could result in error.

range of market values found credible by the court. The court acknowledged applicable law, including the ten percent standard often relied upon in such cases, and reached the reasonable conclusion that, because the consideration paid was between ten to twenty-two percent of the market value of the Parcel, the consideration was adequate. Waitt fails to prove that the court misapplied the law in reaching this conclusion. Point two is denied.

We conclude, therefore, that the trial court's findings regarding the market value of the Parcel were not against the weight of the evidence. Further, the trial court did not misapply the law in determining that adequate consideration was paid for the Parcel pursuant to Section 141.580.2. The circuit court's judgment is affirmed.

All concur.